BENJAMIN BELCHER & another *vs.* JOHN R. WHITTEMORE & another.

Hampden.  Sept. 26, 1882. — March 1, 1883.  FIELD, COLBURN & HOLMES, JJ., absent.

If a member of a copartnership, the articles of which provide that each partner is to give his time to the business of the firm, and is not to engage in any other speculation or business in his own name and on his own account to the detriment of the firm, uses his time, and labor and materials belonging to the firm, in making improvements in machines manufactured and sold by the firm, with the knowledge and without the objection of the other partners, they can claim no interest in letters patent procured by him, at his expense and in his name, for such improvements.

W. ALLEN, J.   This is a bill in equity in which the plaintiffs claim an interest in letters patent issued to the defendant John R. Whittemore for inventions made by him.  When the inventions were made and the letters patent issued, the parties were copartners in the business of manufacturing and selling agricultural implements, and in the foundry business, and the patents were for improvements in agricultural implements.  The inventing and patenting of new and improved machines was no part of the business of manufacturing and selling them, and did not come within the scope of the partnership business.  The facts do not disclose any contribution of means by the copartnership which would give it an interest in the result.  The time, labor and materials belonging to the copartnership, which were used by Whittemore in perfecting his inventions, with the knowledge and without the objection of the other partners, were clearly not regarded by any one as contributions to the work by the firm which would give it a property in the inventions which might be made.  It is true that by the articles of copartnership each partner was to give his time to the business of the firm, and not to engage in any other speculation or business in his own name and on his own account to the detriment of the firm; that Whittemore used his time, and labor and materials belonging to the firm, in making improvements in machines manufactured and sold by it; and that for some of the improvements so made he procured at his own expense, and in his own name, and

for his own benefit, letters patent. But this did not make such inventions the property of the copartnership. If he violated his agreement, or used the property of the firm without the consent of his copartners, he was liable therefor. But it does not appear that he did anything to the detriment of the firm, or without the consent of his copartners. The improvements he devised, whether patented or not, were a benefit to the firm by increasing its business, and no objection was made by any member of it, either to the making use by Whittemore of the facilities furnished by the business for making experiments and improvements, or to the procuring of letters patent by him for inventions so made. We know of no principle or decision which, upon the facts in the case, could give to the copartnership any right in the patents. *Bill dismissed.*

*C. L. Long*, for the plaintiffs.

*G. Wells*, for the defendants.