### Hapgood and others *v.* Rosenstock and others.

(*Circuit Court, S. D. New York.* February 7, 1885.)

1. PATENTS—AGREEMENT AND LICENSE—ASSIGNMENT OF PATENT—INJUNCTION.
   A party who purchases a patent and takes an assignment thereof, with knowledge of an existing agreement and license granted to another, will be bound thereby, and may be restrained from violating the terms of the agreement.

2. SAME—SPECIFIC PERFORMANCE.
   Equity does not generally decree specific performance of contracts relating to personal property, but will do so when the subject is the exclusive right to manufacture and sell a patented article, and in such a case will also enjoin the breach of a negative covenant.

In Equity.

*J. C. Hueston,* for complainants.

*Dickerson & Dickerson,* for defendants.

WALLACE, J. The complainants' motion for a preliminary injunction is founded on a bill which shows that in August, 1884, one Alice D. Hadlock, who was then the owner of a patent for an improvement in bustles, entered into an agreement with the complainants which is set out. By the terms of that agreement Hadlock, in consideration of certain royalties to be paid from time to time by the complainants, conveyed to them "the sole and exclusive right and privilege to manufacture and sell" the patented bustle anywhere in the United States, with the exception that they were not to sell the bustles in Chicago, and reserving to Hadlock herself the privilege to manufacture and sell the bustles in any part of the United States. By the second clause of that agreement Hadlock covenanted "not to form any stock company or copartnership for the purpose of manufacturing the bustle." By the third clause she agreed that complainants might prosecute infringers, and that any moneys which might be the outcome of any suits for infringement brought by complainants should belong to them. The bill further alleges that defendant Rosenstock asserts that October 4, 1884, he obtained an assignment of the patent from Hadlock, and is now the sole and exclusive owner thereof; that although complainants have fully performed their agreement with Hadlock the defendants assert that his rights under said agreement have been forfeited and terminated; and that the defendant Rosenstock is now manufacturing and selling the patented bustles in the city of New York. It is also alleged that Rosenstock had full knowledge of all the rights and equities of the complainants at the time he acquired the assignment of the patent. The prayer of the bill is for an injunction restraining Rosenstock from interfering with the complainants' rights and privileges under their agreement with Hadlock, and from making, selling, and using the patented bustles. The defendants claim that Rosenstock is now the owner of the patent, and admit that he purchased it from Hadlock with knowledge of the terms of the agreement between her and the complainants.

As the requisite diversity of citizenship exists between the parties, and is alleged in the bill to confer jurisdiction upon this court, the jurisdiction does not depend upon the patent laws, but upon general principles of equity. Assuming that the complainants did not acquire by their agreement with Hadlock the legal title to the patent, and therefore could not maintain an action for infringement except in the name of the owner or with the owner joined as a party, it is nevertheless true that they acquired an extensive beneficial interest in the patent. The second clause of the agreement shows that the right reserved to Hadlock was intended to be a personal privilege merely. The complainants, therefore, acquired the whole monopoly of the patent except in Chicago, and subject to the right of Hadlock to sell the bustles when she manufactured them herself or bought them from the complainants or their vendees. If Hadlock were now selling the patented articles in New York, not manufactured by herself or by the complainants, no doubt is entertained that she could be enjoined at the suit of the complainants. The complainants would not be restricted to a remedy at law for damages for breach of covenant. Equity will enjoin the breach of negative covenants whenever it would decree a specific performance of the agreement between the parties. Such a remedy is said by a commentator of authority to furnish the complement to the relief by specific performance. Bisp. Eq. § 461.

Although equity does not, as a general rule, decree specific performance of contracts relating to personal property this is because, ordinarily, adequate compensation in case of a breach may be obtained by way of damages at law. It is apparent that such a consideration cannot apply to an agreement like the present, because from the nature of the subject-matter it would be impossible in many cases to ascertain the damages which licensees might sustain by reason of being deprived of their rights to use an invention. Agreements for the assignment of a patent, and for delivery of chattels which can be supplied by the vendors alone, and for renewals of leases, are among those which will be specifically enforced, (*Binney* v. *Annan*, 107 Mass. 94; Fry, Spec. Perf. § 33; *Furnival* v. *Crew*, 3 Atk. 83–87; *Burke* v. *Smythe*, 3 Jones & L. 193; *Willis* v. *Astor*, 4 Edw. Ch. 594,) and are sufficiently analogous in their character to the present agreement to bring this case within the authorities. As Rosenstock had full knowledge of the complainants' equities these equities are impressed upon the title he acquired, and restrict his rights to the same extent as though the title remained in Hadlock. He can be compelled to do and not to do those things which Hadlock ought or ought not to do. He knew, or was bound to know, that if Hadlock intended by a sale of her patent to put it out of her power to perform her agreement with complainants the transaction was intended as a fraud upon them. He was either a party to this fraudulent design, or he intended to recognize complainants' rights. In either case he stands

towards the complainants in the place she would occupy if she now owned the patent, and must abide by the agreement.

An injunction is granted.