LOREN M. WHITNEY *et al.*

*v.*

BRADLEY BURR.

*Filed at Ottawa November 14, 1885.*

1. SPECIFIC PERFORMANCE—*of parol contract to assign interest in letters patent.* Specific performance of a parol agreement for the transfer of a party's interest in letters patent may be decreed when the rights of innocent *bona fide* purchasers have not intervened, and also as against a purchaser having notice that his vendor had made a verbal sale of his interest.

2. Although it may be that a writing is necessary to pass the legal title to letters patent, yet an equitable title or interest in the same may be conferred by a parol agreement of the holder of the legal title, which, as between the parties thereto, where the rights of innocent purchasers do not arise, a court of equity will sustain and enforce. Section 4898 of the Revised Statutes of the United States has reference only to the legal title in letters patent.

3. NOTICE TO AGENT—*whether notice to principal.* If an agent has notice, at the time of his purchase for his principal, of the equitable rights of another, and of the claim of the latter to have previously purchased the subject matter of the sale, this will be notice to the principal.

4. INTEREST—*on the contract price of a sale of one partner's interest to the other.* Where one partner sold his interest in the partnership for a certain sum, there being no agreement to pay interest, and it was understood that this sum was to be paid out of the moneys realized by sales of the partnership assets, and the partner selling failed to take any steps to have the firm assets converted into money or make any demand for the sum agreed to be paid him, it was *held,* that the court, on bill by the purchaser for specific performance, properly refused to allow interest on the contract price.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. T. A. MORAN, Judge, presiding.

Messrs. COBURN & THACHER, for the appellants.

Mr. DAVID FALES, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Bradley Burr, against Loren M. Whitney and J. B. Birdsell, to compel a conveyance of certain letters patent, and for an accounting against Loren M. Whitney, of assets in his hands belonging to the late firm of Burr & Whitney.

It is alleged in the bill that in January, 1874, complainant, Burr, and defendant Whitney, entered into a co-partnership at Batavia, Illinois, for the manufacture of wagon bodies under letters patent, of which Burr was the patentee; that Burr assigned a half interest in the patent to Whitney; that the co-partnership continued until July, 1878, when it was dissolved by mutual consent, when Burr agreed to take all assets of the firm and the interest of Whitney therein, and pay the firm debts, and pay Whitney $2100 for his interest. It is also set up in the amended bill that Whitney's interest in the letters patent, and all improvements thereon, under a contract of January 13, 1874, passed to complainant, and were embraced in the agreement. It is also alleged in the bill that Burr arranged with Whitney to dispose of the firm assets and pay the liabilities; that any surplus, after the payment of debts, was to apply on the amount complainant had agreed to pay Whitney; that Whitney was to retain his half interest in the patent as security for the payment of $2100, until that sum should be paid. It is also alleged in the bill that Whitney, without the knowledge of Burr, made a sale of the one-half interest in the letters patent retained by him as security, as aforesaid, to J. B. Birdsell. The bill charges that Birdsell knew that Whitney's interest in the patent was held by him as security for the payment of such sum as should be found due after the settlement of the partnership liabilities by Whitney,

and not as owner. The defendants, Whitney and Birdsell, put in their several answers to the bill. Whitney, in his answer, admitted the co-partnership set up in the bill between Burr and himself, but denied that he sold complainant his interest in letters patent No. 142,989, or his interest under the contract of January 13, 1874, but admits that at the time of the dissolution he agreed that if Burr would pay him $2300, in monthly installments of $75, he would convey to Burr his interest in the patent and contract. The answer then sets up that Burr made no payments under the contract, and on the 23d day of January, 1883, he (Whitney) sold to Birdsell his interest in the patent and all his rights under the contract of January 13, 1874. Birdsell, in his answer, sets up that on January 23, 1883, he bought of Whitney all his interest in the letters patent and in the contract of January 13, 1874, and paid therefor $1800, and took an assignment in writing from Whitney; that at the time of the purchase he had no notice of any rights of Burr therein.

The questions involved in this record are mainly questions of fact, which the circuit court found against the defendants in the bill, which finding was affirmed in the Appellate Court. We have carefully examined the evidence upon which the decree was rendered, and we perceive no substantial ground upon which the decree can be reversed. The complainant, Burr, and the defendant Whitney, do not agree in their evidence in regard to the principal points in controversy, but the complainant's version of the main point in dispute is sustained by other testimony. In regard to the contract upon the dissolution of the firm, which was one of the main points in dispute, the complainant testified substantially as follows: That he had talked the matter up with Whitney previous to the dissolution, in regard to selling out and making a change, and he said he would sell out; that witness asked him if he would, and he said he would think the matter over and let the witness know; that after the witness came back from

Chicago he had a conversation with Whitney, in which he asked Whitney if he had made up his mind what he would take for his interest in the concern, including the patents and the business, and step out, and he said he would take $2100,—that wouldn't make him whole, but he would take it,—and the witness told him he would give it. If the evidence of the complainant is credible, and to be relied upon, it is plain that he purchased from Whitney all the interest which he had in the patents at the time the firm dissolved, in 1878. Upon this point, then, it will only be necessary to see whether his evidence is sustained by other credible evidence in the case.

Charles Burr, a witness for the complainant, testified substantially as follows: That he was the son of the complainant, and knows L. M. Whitney; knew of the existence of the firm of Burr & Whitney between 1873 and 1878; was in the firm's employ; knows of the dissolution of the firm; heard conversations between Burr & Whitney relative to the disposition of the assets of the firm; heard his father, Mr. Burr, ask Whitney one day what he would take for his interest in the patent and factory; Whitney said he would think the matter over, and witness' father went to Chicago, and after returning he said Loomis & Avery wanted him to work for them, and he asked Whitney if he had made up his mind; Whitney said he would take $2100 for his interest in the factory and patent, and step out; it would not make him whole, but he would take that, and they closed it up with that agreement; that he afterwards heard a conversation when the goods were shipped to Chicago; Mr. Whitney said he would not let all the property go out of his hands; he wanted security, and Burr told him that he could have his half interest in the patent as security, and Whitney seemed to be satisfied. The evidence of this witness, who stands unimpeached, fully sustains the complainant's statement of the terms and conditions of the sale upon the dissolution of the firm. It is true the

defendant Whitney denies the contract as stated by the complainant and his son, but in this he is doubtless mistaken. At all events, the evidence clearly preponderates upon this point in favor of the complainant, and we are of opinion that the court was fully warranted, from the evidence, in finding that Whitney sold complainant, upon the dissolution of the firm in 1878, all his interest in the firm, and all interest which he held in the letters patent and contract of January 13, 1874.

It is also claimed that the sale made by Whitney to Burr is invalid because made by parol. It may be true that a writing is necessary to pass the legal title to letters patent, and we are satisfied that section 4898 of the Revised Statutes of the United States has reference to the legal title, and to that alone. This seems to be the view of Curtis on Patents, sec. 179. But conceding that the legal title might not be passed by parol, it is evident that an equitable title may be. Any contract which might confer a beneficial interest in a patent right, as between the parties to the contract, where the rights of innocent purchasers do not arise, may be sustained and upheld. Of course a purchaser without notice of such equitable title would be entitled to protection, but the purchase made by Birdsell was not of that character. This purchase was made for Birdsell by and through his agent, Spear, and Whitney testified that at the time of making the trade he explained to Spear that Burr and himself had "a talked-of sale," and that he stated to Spear the conditions as he understood them. In addition to this, Burr testified that in the spring of 1880 Spear wished to buy his interest in the patent, and he then told him that he had bought out Whitney's half interest,—that Whitney retained it for the balance that witness owed him. From this evidence it is plain that Spear had notice when he purchased of Burr his rights in the patent, and notice to the agent was notice to his principal.

It is also claimed that the court erred in refusing to allow Whitney interest on the balance found to be due him. There

was no agreement to pay interest, and under the evidence we do not think a case was made in which the allowance of interest was demanded. Had Whitney, who had the assets of the firm in his hands, proceeded at once and converted the same into money, and called on Burr for the balance due him, after the assets were all properly applied, then he might justly claim interest; but this he failed to do. There was much delay in closing up the business, and no demand was ever made of Burr for the balance due from him to Whitney. Under such circumstances we think the court properly refused to allow interest.

It is also claimed the decree is erroneous in refusing to allow Whitney's individual claim. The contract of purchase, when Burr bought out Whitney for the sum of $2100, covered all of Whitney's demands. In other words, as we understand the contract, Whitney's rights in the patent and subsequent inventions, and all his interest in the firm, individual or otherwise, were sold to Burr for the sum of $2100.

In our judgment the decree of the circuit court was in all respects correct, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*