WILLIAM H. BURR, Respondent, v. JOHN C. DE LA VERGNE, Appellant.

*It seems* that one partner acquires no right or interest, legal or equitable, by reason merely of the copartnership relation, in an invention made by a copartner during the existence of the partnership, although the in-

vention relates to an improvement in machinery to facilitate the business of the firm, and although the inventor uses copartnership means in his experiments and is bound by the copartnership articles to devote his whole time and attention to the firm business.

Where, however, by an agreement between the copartners the firm is to acquire a joint right in any inventions, the partner to whom a patent for such an invention is issued may not claim the exclusive benefits thereof.

The parties hereto were formerly copartners. During the existence of the partnership, one M. entered into a contract with defendant by which the latter agreed to pay the expenses of making experiments and of constructing a machine to test the value of an invention by the former; in consideration thereof M. agreed to give defendant a one-half interest in the invention. Defendant entered into a contract with plaintiff, by which it was agreed that the firm should pay the expenses of the test and that plaintiff should have one-half of defendant's interest. A large expenditure was thereupon incurred by the firm in the experiments, all the expenses of which were borne by it; these resulted successfully, and several patents for the inventions were applied for and issued to defendant and M. jointly, and one was issued to defendant alone. In an action brought to compel defendant to assign to plaintiff one-half of his interest in the patents, it was claimed by the former that they were not within the agreement, as the inventions covered by the patents were not the inventions of M. alone, but of M. and defendant jointly. Held untenable; that while it was to be assumed that the patentees were joint inventors, the patents embraced the original idea of M., and although in the course of the experiments defendant contributed original suggestions which entitled him to claim as joint inventor, as between him and plaintiff they were for the purposes of the action to be considered as the inventions of M. alone, and the contributions of the defendant as having been made in aid of M., while proceeding under the original agreement; and that plaintiff was entitled to an interest in all the patents, including the one issued to defendant alone.

*Also held,* that plaintiff was entitled to an accounting of and to share in the profits received by defendant from licenses or sales of the right to use the invention.

It was claimed that the agreement between the parties being by parol, it was void under the provision of the U. S. Statutes (U. S. R. S., § 4898), declaring that " every patent or interest therein shall be assignable in law by an instrument in writing." *Held,* that the provision does not apply to a parol executory contract to convey an interest in an invention contemplated, but not perfected and not cognizable under the patent laws.

*It seems* the statute does not prevent the obtaining by parol of an equitable title to or interest in a perfected invention.

*It seems* when an interlocutory judgment provides for a reference and final judgment is rendered, without a reference by the judge before

whom the case was tried, the defect at most is an irregularity to be reached by motion, and is not brought up for review by appeal from the judgment simply.

(Argued April 21, 1886 ; decided June 1, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made October 6, 1884, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was brought to compel defendant to transfer and assign to plaintiff one-half the interests held by the former in certain letters-patent and for an accounting, etc.

The complaint alleged and the court found in substance that in February, 1876, the parties were copartners, engaged in the business of brewing lager beer ; that at that time one Mixer was engaged in perfecting an invention connected with that business, and proposed to defendant that if he would furnish the money to make the requisite experiments and to construct an experimental machine to test the value of the invention, he would give him " one-half interest therein." That defendant notified plaintiff of the proposition, and it was agreed between them that the proposition of Mixer should be accepted, the firm paying the expenses of the experiments and using their brewery for the purpose, and that each should have an equal interest in the Mixer contracts ; that thereupon defendant entered into a contract with Mixer as proposed and the experiments were conducted and carried on at the firm's expense ; that as results of the said experiments various inventions were made and patents therefor obtained, which were issued to defendant and Mixer jointly, and one was issued to defendant alone. The court found as conclusions of law that the interests so acquired by defendant were the joint property of him and plaintiff, and directed an assignment by defendant of one-half his interest to plaintiff and directed a reference to a referee named to ascertain and settle the rights of the parties.

Further facts are stated in the opinion.

*Sidney S. Harris* and *Samuel Hand* for appellant. Where there is an express contract none can be implied; a contract which the parties intended to make, but did not make, cannot be set up in the place of one which they did make. (2 Pars. on Cont. 497.) If the inventions patented in the joint names of defendant and Mixer were the sole inventions of Mixer, the patents would be void. (Walker on Patents, § 51.) The final judgment is erroneous. It could not regularly be entered until after the reference provided for by the interlocutory judgment was had. (Code, §§ 1230–1231; *Clark* v. *Hall,* 7 Paige, 383; 1 Barb. Ch. Pr. 357.) After the judgment the court has no power to modify or add to it or make another judgment on motion. (*Prentice* v. *Machado,* 2 Rob. 660; 1 Barb. Ch. Pr. 349.) The final judgment is erroneous as it decrees that the defendant holds the " said interests, properties, profits and advantages " for the joint benefit of himself and the plaintiff. (*Whiting* v. *Graves,* 3 B. & R. 222; *Vose* v. *Singer,* 4 Allen, 232; Walker on Patents, § 294; *De Witt* v. *Elmira Nobles Co.,* 5 Hun, 301; affirmed, 66 N. Y. 459.) The judgment is also erroneous as it also requires defendant to execute an assignment of half his interest in the letters-patent to plaintiff. (Walker on Patents, § 295.) Upon the evidence the decree is erroneous, because in effect it declares the defendant's interest in the letters-patent was partnership property. (*Baird* v. *Baird,* 1 Dev. & B. 241; *McKae* v. *McKinzie,* 2 id. 232.) The contribution by the plaintiff toward the expenses of making the experiments would not give him any claim upon the inventions. (*Belcher* v. *Whitemore,* 134 Mass. 330.) The court did not have jurisdiction to render a judgment declaring plaintiff entitled to any profits or advantages derived by defendant from the patents. (*De Witt* v. *Elmira Nobles Co.,* 66 N. Y. 459; *Vose* v. *Singer,* 4 Allen [Mass.], 235.) An action for specific performance will not lie upon the undisputed facts of this case. (*Griffin* v. *Coleman,* 28 L. T. [N. S.] 493.) A parol agreement like the one relied upon by the plaintiff is not a compliance with the statute, that an assignment of a patent must be in writing. (*Davy* v. *Morgan,* 56 Barb. 226; U. S.

R. S., § 4898; *Gayler* v. *Wilder*, 10 How. [U. S.] 487; Walker on Patents, § 274; *Whitney* v. *Graves*, 3 B. & A. 225.)

*Oscar Frisbie* and *E. N. Dickerson* for respondent. Plaintiff was entitled under the contract to share in the patents issued on defendant's invention. (*Gillett* v. *Bate*, 86 N. Y. 87.) This action can be maintained. (*Coles* v. *Coles*, 15 Johns. 159; *Musier* v. *Trumpbour*, 5 Wend. 274; *Howard* v. *France*, 43 N.Y. 593; *Carter* v. *Bininger*, 45 id. 545; *American Bank Note Co.* v. *Edson*, 1 Lans. 388; *S. C.*, 56 Barb. 84; *Cheeseman* v. *Sturgis*, 9 Bosw. 246; 6 id. 520.) The plaintiff is entitled to recover what his contract with the defendant called for, together with the increase flowing from it. (*Johnson* v. *Brooks*, 93 N. Y. 344.)

ANDREWS, J. The proposition asserted in behalf of the defendant, that one partner acquires no right or interest, legal or equitable, in an invention made by his copartner during the existence of the partnership by reason merely of the copartnership relation, although the invention relates to an improvement in machinery to facilitate the business carried on by the firm, and although the partner making the invention, uses copartnership means in his experiments, and is also bound by the copartnership articles to devote his whole time and attention to the firm business, is a doctrine supported by authority and consonant with reason. (*Slemmer's Appeal*, 58 Penn. St. 155, 164; *Belcher* v. *Whittemore*, 134 Mass. 330.) The proposition assumes, however, that there was no agreement pursuant to which a joint right was to be acquired in inventions made by either partner, and that the making or perfecting of inventions was not within the scope of the partnership business. The defendant relies upon this principle as decisive against the claim of the plaintiff to demand any share in the joint inventions of Mixer and the defendant, for which patents were issued to them jointly. This contention is put upon the ground that the agreement between the plaintiff and the defendant, upon which the plaintiff bases his action, as proved and found, related to

an interest in inventions which should be made by Mixer under the arrangement between Mixer and the defendant. It is therefore claimed that the agreement is confined to an interest in inventions made by Mixer exclusively, and does not extend to joint inventions made by Mixer and the defendant. But this construction of the contract, if allowed to prevail in this case, would operate as a fraud upon the plaintiff. When the agreement was made, Mixer had in mind an undeveloped idea which he desired to embody in an experimental machine, to test its practicability and usefulness, and he therefore proposed to the defendant that experiments should be carried on in the brewery of De La Vergne and Burr, and that he would give the defendant one-half interest in the invention, provided the latter would pay the expenses of making the experiments and of constructing an experimental machine to test the value of the invention. The defendant, as the evidence on the part of the plaintiff tends to show, then presented the proposition to the plaintiff and offered to give him one-half of his proposed interest under the proposition of Mixer, provided the plaintiff would agree that the expenses of the experiments and of constructing the experimental machine should be paid by the firm. The plaintiff consented, and an expenditure of $40,000 was incurred and paid by the firm in prosecuting the enterprise, which finally resulted in the perfecting of the invention and the construction of a machine apparently of great value. Three several patents were applied for and issued to the defendant and Mixer jointly. This fact furnishes the foundation for the claim made, that these patents were not within the agreement between the parties. It must be assumed that the inventions covered by these patents were the joint inventions of the joint patentees. This is the inference from the patents themselves, and it is claimed that the inference is conclusive and incontestable upon a collateral inquiry. Assuming this to be true, nevertheless it does not we think furnish an answer to the claim of the plaintiff to an interest in these patents, under his arrangement with defendant. The referee finds, and the evidence justifies the finding, that the most material parts of the invention were

Mixer's. Nor can there be any reasonable doubt that the patents embraced the original idea of Mixer, existing when the original negotiation commenced between him and the defendant, but adapted and perfected by experiment until the invention took its final form. Assuming, as perhaps must be assumed, that in the course of these experiments the defendant contributed original suggestions, which were adopted and entitled him to claim the inventions as the joint inventions of himself and Mixer, nevertheless we are of opinion that as between himself and the plaintiff, they must be regarded for the purposes of this action as the inventions of Mixer alone, and that any contribution on the part of the defendant thereto, must be considered as having been made in aid of Mixer while proceeding under the original agreement. Any other conclusion would, as we have said, work a fraud upon the plaintiff. It is significant as bearing upon this view, that all the experiments, including whatever was done at the suggestion of the defendant, were conducted at the expense of the firm and were treated as expenses incurred under the arrangement between the parties. We concur in the conclusion reached by the learned trial judge as to the right of the plaintiff to an interest in the patents, including the patent issued to the defendant in his own name alone. We are also of opinion that no error was committed in adjudging that the plaintiff was entitled to share in all the advantages derived or derivable by the defendant from the inventions, past or future, which are within the contract between the parties. The profits heretofore received by the defendant from licenses or sales of the right to use the invention, are assumed by the defendant to be reached and covered by the judgment. We think the defendant is justly accountable to the plaintiff for his share, according to his interest under the contract. It is not the case of one joint owner and patentee exercising the right to license the use of the invention, which he has a right to do without accountability to the other joint owners or patentees. The defendant denied the title of the plaintiff and refused to clothe him with a legal title to his interest in the patents, thereby practically precluding him from availing himself

of their use, by granting licenses to others. His situation was analogous to that of a tenant in common of land, who has been ousted by a co-tenant, who has appropriated the rents and profits exclusively to his own use. The plaintiff cannot have the full benefit of his agreement unless the defendant is held to account for the profits received by him. The judgment does not specifically define what future inventions will come within, or result from the contract between the parties. This can be determined when the question arises. The claim that the agreement being by parol, was void under the statute of the United States, is not well founded. The agreement related to an inchoate invention, not perfected or patentable at the time the agreement was made, and was not, therefore, within section 4898 of the U. S. Revised Statutes, which declares that " every patent, or any interest therein, shall be assignable in law by an instrument in writing." Even in the case of a perfected invention, the statute does not prevent the obtaining of an equitable title thereto, or interest therein by parol (Walker on Patents, § 274), nor does it apply to a parol executory agreement to transfer an interest in an invention contemplated, but not perfected, and not cognizable under the patent laws when the agreement was made. The plaintiff by the agreement acquired an equitable right which attached to the interest of the defendant in the patents subsequently issued, and he is entitled to demand a legal title corresponding with his equitable interest.

The objection that there was no reference pursuant to the interlocutory judgment is not based upon any fact affirmatively appearing on the record. But assuming that the final judgment was rendered without a reference, it was nevertheless entered upon the direction of the judge before whom the case was tried, and at most it was an irregularity to be reached by motion, and is not brought up by an appeal from the judgment simply.

We think the judgment should be affirmed.

All concur.

Judgment affirmed.