Follett, J.
(dissenting.)—In January, 1884, the plaintiff invented and applied to a shoe last a mechanical devise which the plaintiff and defendant believed tobe an improvement, the right to which the defendant purchased m January, 1884, by an oral contract. The terms of this contract are in dispute. The plaintiff testified on the trial that defendant agreed to pay him $500 for the invention if he made any use of it. Defendant testified he agreed to pay $500 for the invention if he used it on all of his lasts, $250 if he used it on half of his lasts and nothing if not used on any of his lasts. May 19, 1885, defendant received letters *591 patent for this invention upon an application in which he swore that he was the inventor of the device.
The foregoing facts are undisputed. An unpatented invention, not abandoned, is the individual property of the inventor, and is assignable. Gayler v. Wilder, 10 How., 477; Hendrie v. Sayles, 98 U. S., 546; Palmer v. De Witt, 47 N. Y., 532.
It is urged that a recovery cannot be had on this oral contract of sale because the defendant did not “accept and receive ” the thing sold, or, ‘ ‘ at the time pay some part of the purchase money ” as required by the third section of the second title of the statute of frauds. No part of the purchase money was paid at the time of the sale, and the question arises whether the defendant accepted and received the thing sold so as to take the contract out of the statute referred to.
The plaintiff’s invention was materialized and delivered by him to the defendant who accepted it and subsequently obtained a patent upon it, claiming it to be his own invention. Since the sale the defendant has exercised complete dominion over the invention to the exclusion of the plaintiff and all others. He cannot now be heard to say, his acceptance and receipt, were imperfect because it is within the plaintiff’s power, by suit, to annul the letters patent for the false statement in defendant’s application upon which the letters were issued.
If an author of an uncopyrighted work should sell it and deliver a manuscript copy to a publisher who should publish it without copyrighting, or should' copyright and not publish it, I think the purchaser could not successfully defend an action brought to recover the purchase price, upon the ground that his acceptance and receipt were insufficient to take the case out of the statute cited. In the case at bar the thing sold did not admit of a more perfect delivery by the plaintiff, or of a more complete acceptance and receipt by the defendant, and I think sufficient was done to take the ' case out of the statute. Marsh v. Rouse, 44 N. Y., 643; Reed St. Fr., § 261, 1 Benjamin sales (Corbin’s ed), 167, 195. Section 4898 of the Revised Statutes of the United States, requiring assignments of patents, or interest in patents, to be in writing, is not applicable to this case. This was not the sale of a patent, or of an interest in a patent, but of an invention, which was as much the plaintiff’s property as is the production of an author, and the inventor may sell his invention without reference to the patent laws, or the author his work without reference to the copyright laws.
When the invention has been patented, or the production copyrighted, sales of interests under the patent or under the copyright must be made in accordance with the *592 statutes relating to those subjects. Burr v. De La Virgne, 102 N. Y., 415, is decisive of this question.
Should the jury find the contract to be as testified to by the plaintiff, it cannot (as the evidence now stands) be affirmed as a question of law, that it was the intention of the parties that defendant should not j)ay anything for this invention unless he used it upon his lasts and in his business.
It has been held in actions brought to recover the price agreed to be paid for patents that the invalidity of the patents may be proved as a defense.
The defense that a patent is worthless because invalid is -quite different from the defense that a patent is worthless because impracticable.
Whether the cases holding that the invalidity of a patent may be proved in defense of an action for the purchase price rests upon the doctrine of implied warranty of title, •or upon some other grounds (2 Benjamin Sales [Corbin ed.], 834, 835), and need not be considered, for the question is not in this case.
This case does not arise over the sale of a patent, or of an interest in a patent. Plaintiff did not profess to sell a patent, or an interest in a patent, but an invention. If the patent is invalid it is because the defendant obtained it in violation of section 4895 of the Revised Statutes of the United States, and swore in his application that he, and not the plaintiff, was the original inventor. He cannot take .advantage of his own wrong.
The judgment should be reversed, á new trial granted, with costs to abide the event.