## SEARLE ET AL. v. HILL.

1. **Specific Performance:** OF PAROL AGREEMENT TO ASSIGN PATENT-RIGHT. A parol agreement to assign a patent-right may be enforced in equity. The provision of § 4898, Rev. St. U. S., that patents "shall be assignable in law by an instrument in writing," does not make invalid a parol executory agreement to assign, nor prevent a court of equity from compelling the performance of such executory contract. (See opinion for authorities.)

*Appeal from Mahaska District Court.*

SATURDAY, DECEMBER 10.

THIS is an action in equity to compel the specific performance of a contract to assign an interest in a patent-right. There was a decree as prayed in the petition. Defendant appeals.

*Bolton & McCoy,* for appellant.

*John F. Lacey* and *Searle & Scott,* for appellees.

REED, J.—There is no controversy as to the facts in the case. The parties each owned an interest in a patent-right covering a window blind; plaintiffs' interest covering certain states and territories, and defendant's covering certain other states and territories. They were desirous of procuring a patent on a device that was regarded as an improvement on the article covered by the original patent, and it

was agreed that defendant should proceed to Washington city, and prosecute an application for said patent, and that plaintiffs should pay one-half the expenses incident to the application, which it was agreed would include the fees of the patent-office, and of the attorney who should be employed to prosecute the application, and defendant's personal expenses and salary while engaged in the business. It was also agreed that the letters patent should be taken, if procured, in defendant's name, and that he would thereafter assign to plaintiffs the interest therein covering the states and territories which are covered by their interest in the original patent. Defendant did proceed to Washington, and caused an application for the patent to be made and prosecuted, and the letters patent were issued in his name. Plaintiffs paid the proportion which they agreed to pay of the cost and expense of procuring the patent, but defendant refuses to assign to them any interest in the right, and it is to com-pel a specific performance of the contract that this action is prosecuted. It is shown that defendant is now insolvent. The question arising on these facts is whether a court of equity can afford the remedy which is sought in the action. It is provided by statute (section 4898, Rev. St. U. S.,) that patents "shall be assignable in law by an instrument in writing," and it is contended that the agreement of the parties is incapable of enforcement because it was in parol. But that does not follow. The provision merely prescribes the means or instrument by which the title may be passed. It does not forbid the making of a parol executory contract for the sale of the property. Such contract can be performed, it is true, only by executing the prescribed instrument. But it occurs in many cases that the parol agreement of a party is enforceable when the thing contracted for can be done only by executing a writing. A party contracts by parol for the sale and conveyance of real estate, and receives the stipulated price. The title can be passed to the purchaser only by a written conveyance. Courts of equity have always

afforded relief in such cases by compelling the execution of the conveyance. Defendant's agreement was that he would execute the written instrument requisite to pass to plaintiffs the interest contracted for. The object of the suit is to compel him to do that thing. The judgment commands him to perform his undertaking by executing and delivering the conveyance. He may be compelled by process of contempt to obey the mandate, or the conveyance may be executed in his name by the commissioner appointed by the court. The validity of a parol assignment of a patent, as between the parties, has frequently been determined by the courts. (*Burke v. Partridge*, 58 N. H., 349; *Springfield v. Drake*, Id., 19; *Pitts v. Whitman*, 2 Story, 609; *Blakeney v. Goode*, 30 Ohio St., 350.) In *Binney v. Annan*, 107 Mass., 94, specific performance of an executory contract for the assignment of a patent was decreed. In that case the agreement was in writing, it is true, but it was for the assignment of the patent, and was executory. If such an agreement, when in writing, is enforceable, we know of no reason why a similar agreement in parol may not be enforced. It was held in *Ager v. Murray*, 105 U. S., 126, that a patent-right may be subjected by bill in equity to the payment of a judgment debt of the patentee. In such case the conveyance to the purchaser would be executed by an officer or commissioner of the court. The case is important as declaring the power of the court to direct the execution of the instrument necessary for the transfer of the title. We think the judgment is well sustained by reason and authority.

AFFIRMED.