## BLACKMER V. STONE.

SPECIFIC PERFORMANCE: *Of agreement to assign interest in patent.*

A court of equity has power to order the specific performance of an oral agreement, entered into before the issue of a patent, to assign an interest therein, in consideration of expenses borne in procuring it. And it is not error to decree a direct divestiture of the interest contracted for, instead of compelling the patentee to assign it.

APPEAL from *Johnson* Circuit Court in Chancery.

G. S. CUNNINGHAM, Judge.

*J. E. Cravens* and *J. N. Sarber*, for appellant.

A State court has no jurisdiction to issue an injunction in patent cases, *pendente lite.* 102 N. Y., 167; 55 Am. Rep., 793; 100 N. Y., 365.

It was error to vest a one-half interest in the patent in appellee. 3 S. E. Rep., 781; 8 Sup. Ct. Rep., 255. The very most the court could do, was to compel an assignment of a half interest. 3 N. W. Rep., 490; 105 U. S., 126.

Review the evidence and contend that there never was a contract for a sale of a half interest in the patent, but only a partnership to manufacture and sell springs, and divide profits of sale thereof and of sale of territory, etc.

*L. H. McGill* and *A. S. McKennon*, for appellee.

1. Even if the court erred in vesting a half interest in appellee, instead of causing it to be conveyed or assigned, appellant is not prejudiced, and therefore no ground of reversal.

2.   The issue in this case does not arise under the patent laws of the United States, nor involve the validity of the patent or its infringement.   It was a pure matter of contract and the State courts alone have jurisdiction.   4 Del. Ch., 338; 1 Wood. & Min., 34; 2 Curt., 507; 34 ·Conn., 325; 107 Mass., 94; 118 Id., 279; 115 Mass., 279; 115 Ill., 289; 23 Fed. Rep., 86; Curt. on Pat., sec. 496; Rev. St. U. S., 4898.

3.   Issues of fact in equitable proceedings are triable by jury.   Mansf. Dig., sec. 5106; 48 Ark., 426.   And when so tried the chancellor cannot disregard the verdict.   3 Gr. Ev., sec. 262, (Redf, Ed.)

4.   Courts of equity, while they are not accustomed to specifically enforce performance of partnership contracts, will secure a partner in his rights and interests to which he is entitled under the agreement.   118 Mass., 279.

5.   Review the evidence and contend that the decree is right.

COCKRILL, C. J.

The parties to this controversy were partners in the manufacture and sale of wire bed springs.   Pending the partnership Blackmer obtained a patent for an improved method of manufacturing the springs, and the partners shared the profits in the sale of licences to manufacture and sell under the patent. This suit was brought by Stone to settle the copartnership accounts and to compel Blackmer to carry out an oral agreement which he alleged they had entered into, to assign to him a half interest in the patent when issued.   No question is made here upon the settlement of accounts.   The question whether there had been an agreement between the parties that the inventor should sell an interest in the patent to

his copartner in consideration of expenses borne by the latter in procuring the patent, was submitted by the court to a jury with the consent of both parties. The verdict was for the appellee and was satisfactory to the chancellor. We have carefully examined the evidence presented by the abstracts of the parties, and find no reason for disturbing the verdict of the jury.

The only other questions we understand counsel for the appellant to urge are the power of the court to order a specific performance of the oral contract entered into before the patent issued to assign an interest in it; and its action in decreeing a divestiture of the interest instead of compelling the party holding the legal title to assign. The power of the court to compel a compliance with the contract is fully established by the authorities. *Somerly v. Buntin*, 118 Mass., 279; S. C. 19, American Reports, 459; *Burr v. De La-Vergne*, 102 N. Y., 415; *Blakeney v. Goode*, 30 Ohio St., 350; *Littlefield v. Perry*, 21 Wallace, 221.

The direct divestiture of the title was not more prejudicial to the appellant than the course suggested.

Affirmed.