·COOK v. STERLING ELECTRIC CO. et al.

(Circuit Court, D. Indiana. October 30, 1902.)

No. 10,084.

1. PATENTS—SALE OF INVENTION BEFORE PATENT—VALIDITY OF ORAL AGREEMENT.

An oral agreement for the sale of an invention, founded on a sufficient consideration, made pending an application for a patent, is valid in equity, and constitutes a good defense to a suit in equity for infringement, brought by the inventor against the purchaser after the issuance of a patent.

2. EQUITY PLEADING—SETTING DOWN PLEA FOR ARGUMENT.

By setting a plea down for argument without replication, a complainant waives any objection to the plea in form or substance, which can only be taken by exceptions, and admits the truth of all facts stated therein which are well pleaded, however inconsistent with or contradictory of the allegations of the bill.

In Equity. On argument of plea.

Stuart, Hammond & Sims and Charles C. Bulkley, for complainant John F. McHugh and Charles A. Brown, for defendants.

BAKER, District Judge. On April 19, 1902, Frank B. Cook, ·complainant herein, filed his bill against the Sterling Electric Company et al., in which he alleges that he was the first and original inventor of a certain new and useful improvement in telephone switch boards, and that on January 16, 1900, letters patent No. 641,373 were duly granted to him therefor. He further alleges that the defendants unlawfully and without his license have made, used, and sold sundry specimens ·of the apparatus covered by his patent, and are threatening to continue so to do, to his great wrong and injury; and he asks for an injunction restraining the defendants from making, using, or selling the invention covered by his patent, and for damages. The application for the patent was filed in the patent office on February 8, 1898. The defendants have filed a plea to the whole bill, which, omitting the caption and formal parts, is as follows:

"That prior to any of the acts complained of in said bill the complainant herein, on or about the 3d day of October, 1899, and prior to the issuance of said patent, made with the Sterling Electric Company, defendant herein, an oral agreement purporting to grant thereby to said Sterling Electric Company, and to its officers and directors in its behalf, the exclusive right to make, use, and sell, and to license others to make, use, and sell, various improvements, among which was the improvement in telephone switch boards described in United States letters patent No. 641,373, for the full term of the life of the said patent throughout the United States, in consideration of four hundred shares of the capital stock of said Sterling Electric Company, of the value of $40,000, and $8,000 in cash, which was paid to said complainant. That since the making of said oral agreement said complainant, Frank B. Cook, has repeatedly stated orally and in writing to these defendants and to others that the corporation defendant and the individual defendants, who are ·officers and directors of said corporation, in its behalf, have been authorized and exclusively licensed to make, use, and sell, and to license others to make, use, and sell, the apparatus described and claimed in said letters patent ·throughout the United States, by him, the said Frank B. Cook, the patentee

of said patent, during the entire life of said patent,—all of which statements these defendants aver to be true, and they plead said license to the said complainant's bill, and pray judgment."

The plea has been set down for argument by the complainant, who insists that the same does not state facts sufficient to constitute a bar or defense to his bill. The various contentions of the complainant are reducible to the single proposition that the oral agreement of sale set up in the plea is void at law, and that, being void at law, it must be regarded as void in equity; or, stated in other words, that an oral agreement for the sale of an invention, made after application for a patent and before it is granted, is invalid, both at law and in equity, when pleaded as a bar or defense to a bill by the patentee for infringement. The court entertains no doubt that an oral agreement for the sale of an invention, founded on a sufficient consideration, made pending an application for a patent, is valid in equity, and constitutes a good defense to a suit brought by such inventor after he has obtained a patent for the invention. The inventor of a new and useful improvement acquires thereby no exclusive right to it until he obtains a patent. The exclusive right is created by the patent, and no suit can be maintained by the inventor against any one for using it before the patent is obtained. But the inventor of a new and useful improvement is vested by law with an inchoate right to its exclusive use, which he may perfect and make absolute by proceeding in the manner which the law requires. Cook possessed this inchoate right at the time the oral agreement of sale was made. The invention had then been made, and an application was pending to obtain a patent. This inchoate right to the exclusive use of the invention was a property right, and the subject of bargain and sale, unless forbidden by the statute. The statute (section 4898, Rev. St. U. S.) does not prohibit such bargain and sale. It applies solely to the assignment, conveyance, or grant of a patent, or an interest therein, and not to the sale of the invention before the issuance of a patent. The statute does not profess to deal with the invention until the inchoate right to its exclusive use has been perfected and made absolute by the obtaining of a patent. Before the patent is granted, the sale of the inchoate right to the exclusive use of an invention is governed by the general principles of the law relating to bargains and sales. The case of Gayler v. Wilder, 10 How. 477, 13 L. Ed. 504, decides that the inchoate right to an invention may be sold and assigned before a patent therefor has been granted. In that case, it is true, the assignment was in writing, but, unless a right of property existed in the invention before the patent was issued, the assignment would have been invalid for want of a subject-matter on which it could operate. In this country, where the principle of the patent laws is recognized, where an invention is regarded as property which may be set apart for a person's own exclusive use, why is it not assignable without an enabling statute? What reason can be assigned why an invention, which is regarded as property, shall not be transferable, like other property, there being nothing in the statute to prohibit it? In my opinion, it can be done. An oral assignment or sale of an invention before the issuance of a patent therefor is valid, and invests the purchaser with the equitable

title; and the inventor who, after such assignment or sale, obtains a patent, holds the legal title in trust for the owner of the equitable title. Pitts v. Whitman, 2 Story, 609, Fed. Cas. No. 11,196; Whiting v. Graves, 3 Ban. & A. 222, Fed. Cas. No. 17,577; Hapgood v. Rosenstock (C. C.) 23 Fed. 86, 23 Blatchf. 95; Continental Windmill Co. v. Empire Windmill Co., 8 Blatchf. 295, Fed. Cas. No. 3,142; Dalzell v. Manufacturing Co., 149 U. S. 315, 13 Sup. Ct. 886, 37 L. Ed. 749; Somerby v. Buntin, 118 Mass. 279, 19 Am. Rep. 459; Burr v. De La Vergne, 102 N. Y. 415, 7 N. E. 366; Whitney v. Burr, 115 Ill. 289, 3 N. E. 434; Burke v. Partridge, 58 N. H. 349; Springfield v. Drake, Id. 19; Blakeney v. Goode, 30 Ohio St. 350; Searle v. Hill, 73 Iowa, 367, 35 N. W. 490, 5 Am. St. Rep. 688. These cases establish the doctrine that an oral agreement for the sale and assignment of the inchoate right to the exclusive use of an invention before a patent has been granted therefor is not within the statute of frauds, nor within section 4898 of the Revised Statutes, requiring the assignment of a patent or of an interest therein to be in writing, and that such an agreement may be specifically enforced in equity upon sufficient proof thereof.

It is claimed that, whatever may be the equitable rights of the defendants under the agreement, the legal title is in the complainant, and that the oral agreement cannot be set up as a defense, and that the defendants should file a bill setting up their equitable rights, and compel a transfer of the legal title. It suffices to say that this contention overlooks the fact that this is a suit in a court of equity, where, in matters within its jurisdiction, an equitable title is as good as a legal title as to all parties affected by such equity. It cannot be maintained in a court of equity that a party holding the equitable title will be denied his equitable rights by the holder of the naked legal title. In such a case the holder of the legal title stands, in a court of equity, as a mere trustee for the use and benefit of the owner of the equitable title or estate. It certainly would be against conscience to permit a complainant, while holding the consideration for the oral agreement of sale, to pursue the defendants as wrongdoers.

No objection, either in point of form or substance, has been pointed out to the plea by any exception thereto. When a plea is set down for argument without any replication, no objection can be taken to its form or regularity. Such objection can only be made by exceptions. By setting the plea down for argument, the complainant tests its legal sufficiency, and in effect demurs to it. The truth of all facts stated in the plea which are well pleaded is admitted, however inconsistent with or contradictory of the allegations of the bill. 2 Beach, Mod. Eq. Prac. § 325.

The plea is allowed as sufficient, with leave to the complainant to reply thereto, if so advised, within 20 days. Failing to reply, the bill will be dismissed.