FRIEND N. WHITCOMB *v.* HARRY W. WHITCOMB.

January Term, 1911.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed October 9, 1911.

*Record—Evidence—Exceptions—Findings — Necessity — Partnership—Partnership Property—Patents — Oral Assignment — Statute of Frauds—Specific Performance—Oral Contracts— Transfer of Patents—Acquisition of Title—Use of Partnership Funds—Equitable Assignments—Accounting—Relief— Compelling Assignments.*

A chancellor's finding must stand, unless it appears on its face to be erroneous, where no exception was filed to it, and the evidence relating thereto is not sent up.

Since a patent right is incorporeal personal property, having the same sanctions as other property, it may be owned by a partnership.

A patent may be transferred by oral agreement, and such an agreement is within neither the Statute of Frauds nor U. S. R. S. §4898, requiring assignments of patents to be in writing.

Equity will specifically enforce oral agreements to transfer patents, when properly proved.

Although the legal title to a patent was not vested in a partnership merely because it was procured with partnership funds, the partnership thereby became the equitable assignee thereof where the two partners agreed that an undivided half of the property should be assigned to each of them.

Equity has power to compel an assignment, and, in a suit for the dissolution of a partnership and for an accounting, can order a partner to assign to the firm a patent adjudged to belong to it, and in case of his refusal to do so, appoint a trustee to make the assignment.

APPEAL IN CHANCERY.   Heard on the pleadings and finding of facts by the Chancellor at the March Term, 1910, Washington County, *Stanton,* Chancellor.   Decree for the orator.   The defendant appealed.   The opinion states the case.

*E. L. Scott* and *Richard A. Hoar* for the orator.

*J. Ward Carver* and *John W. Gordon* for the defendant.

A patent right is personal property, and is subject to the general laws relating to such property, and is surrounded by the same rights and sanctions that attend all other property.   *Densmore* v. *Schofield,* 102 U. S. 375; *Dick* v. *Oil Well Supply Co.,* 25 Fed. 105; *Dick* v. *Struthers,* 23 Fed. 103; *Adams* v. *Howard,* 22 Fed. 656.   An agreement to assign a patent is an executory contract that may be enforced in a court of equity.   The agreement to assign may be oral, such an agreement not being within the Statute of Frauds nor within §4898 of the U. S. Revised Statutes requiring assignments of patents to be in writing. *Birkery Manufacturing Co.* v. *Jones,* 71 Conn. 113; *Bates Machine Co.,* v. *Bates,* 192 Ill. 138; *Macon Knitting Co.* v. *Leicester Mills Co.,* 65 N. J. Eq. 138; *Kennedy* v. *Hazelton,* 128 U. S. 667; *Pitts* v. *Hall,* 18 Fed. 11; *Hules* v. *Bonsack Machine Co.,* 65 Fed. 864; *Dalzall* v. *Dueber Watch Case Mfg. Co.,* 149 U. S. 315; *Cook* v. *Sterling Electric Co.,* 118 Fed. 45.

An agreement to assign patents not yet secured may be enforced if it is sufficiently definite as to the subject-matter. *Burton* v. *Burton Stock Co.,* 171 Mass. 437; *Somerby* v. *Buntin,*

118 Mass. 279; *Burke* v. *Partridge,* 58 N. H. 349; *Binnep,* v. *Annan,* 107 Mass. 94; *Nesmith et al.* v. *Colvert et al.,* 10 Fed. 123.

Where property has been purchased with the firm funds or the firm has expended labor or money in improving it or in putting it into its present condition, especially if the property is useful to the firm in its ordinary operations and is employed therein, it is regarded as partnership property. *Lane* v. *Tyler,* 49 Mo. 252; *Laffan* v. *Naglee,* 9 Cal. 662; *Partridge* v. *Wells,* 30 N. J. Eq. 176. When a partner puts into the partnership only the use of certain property its ownership is not vested in the firm; but if the firm has or exercises the right of using the property in the ordinary course of the partnership or of disposing of it and using the proceeds, there is ample evidence of an intent that it shall become firm property. *Tabor Prang Art Co.* v. *Durand,* 189 Mass. 173; *Dunlap* v. *Byers,* 110 Mich. 109; *Persons* v. *Wilson,* 25 Minn. 189; *Hoxie* v. *Carr,* 12 Fed. 6802; *Lyman* v. *Lyman,* 15 Fed. 8628.

POWERS, J. These parties were partners in the operation of a large machine shop in Barre. Dissension arose and the orator brought a bill for an accounting and for a dissolution of the partnership, therein praying, among other things, that a receiver be appointed and that the property of the firm be ordered turned over to him. The defendant answered the bill and therein admitted the necessity of a receiver, and one was duly appointed, and he is now in charge of the affairs of the firm. The defendant's answer asserted, among other things, that a certain patent standing in the name of the orator was obtained at the expense of the firm under an agreement that an undivided half of it should be assigned to the defendant, and that it should be used for the benefit of the business. The orator filed a replication joining issue on this answer. Thereupon, a hearing was had before a chancellor, who found and filed a statement of facts. The chancellor found that the patent referred to is the property of the co-partnership. No exceptions to the chancellor's findings were filed, and a decree was rendered fixing the interests of the respective partners in the assets of the firm, and establishing the firm's ownership of the patent in question, and ordering the orator to assign the same to the receiver within

a time fixed, and in default thereof appointing a trustee to make such assignment. From this decree, the orator appealed. The only question raised pertains to the ownership of this patent.

The orator says in his brief that the finding as to the ownership of this patent is not warranted by the evidence, and that all evidence relating thereto was taken subject to objection and exception. Both these claims are outside the record and consequently they cannot be considered. The evidence is not sent up, (*Williams* v. *Wager*, 64 Vt. 326, 24 Atl. 765; *Holt* v. *Howard*, 77 Vt. 49, 58 Atl. 797; *Child* v. *Pinney*, 81 Vt. 314, 70 Atl. 566;) and no exception to the finding was filed. In these circumstances, all this Court can do is to assume that the finding was upon competent and sufficient evidence. *Martin* v. *Wells*, 43 Vt. 428; *Sargent* v. *Burton*, 74 Vt. 24, 52 Atl. 72. It must stand, therefore, unless it appears on its face to be erroneous. The orator says that a patent cannot be owned by a partnership. But this cannot be so, for a patent right and the privileges thereby granted are incorporeal personal property, *De La Vergne Refrigerating Mach. Co.* v. *Featherstone*, 147 U. S. 209, 37 L. ed. 138, 13 Sup. Ct. 283, and are entitled to the same rights and sanctions which attend other property. *Cammeyer* v. *Newton*, 94 U. S. 225, 24 L. ed. 72, *Densmore* v. *Schofield*, 102 U. S. 375, 26 L. ed. 214. They may be transferred by oral agreement, as was here done, and such agreement is not within the Statute of Frauds, nor within U. S. R. S. 4898 requiring assignment to be in writing, and will be specifically enforced in equity when properly proved. *Dalzelle* v. *Dueber Watch Case Mfg. Co.*, 149 U. S. 315, 37 L. ed. 749, 13 Sup. Ct. 886; *Harrington* v. *Smith*, (N. J.) 42 Atl. 579; *Searle* v. *Hill*, 73 Ia. 367, 35 N. W. 490, 5 Am. St. Rep. 688; *Hammond* v. *M. & H. Organ Co.*, 92 U. S. 724, 23 L. ed. 767.

And while it is true that the partnership did not acquire title to the patent simply by reason of the fact that partnership funds were used in obtaining it, *Burr* v. *DeLaVergne*, 102 N. Y. 415, 7 N. E. 366; *Belcher* v. *Whittemore*, 134 Mass. 330, it did become, as it lawfully might, *Fresno Home Packing Co.* v. *Fruit Cleaning Co.*, 101 Fed. 826, 42 C. C. A. 43; *Button Holeing Co.* v. *Somerville*, L. T. (N. S.) XXXVIII, 878, the equitable assignee thereof by force of the agreement.

A compulsory assignment is within the jurisdiction of the court of chancery, and the decree below ordering such an assignment by the orator and appointing a trustee to act in case of his refusal was correct. *Ager* v. *Murray*, 105 U. S. 126, 26 L. ed. 942.

*Decree affirmed and cause remanded. Let a new time be fixed by the court of chancery within which the orator shall assign to the receiver the patent in question.*