[Filed January 31, 1888.]

## J. Q. SHIRLEY, RESPONDENT, v. CHARLES GOODNOUGH ET AL., APPELLANTS.

ACCOUNT—PARTIES LIABLE TO.—Partners, joint tenants, and tenants in common are all bound to account with each other in relation to the common or joint property.

COSTS—FUND IN COURT.—When the parties acted in good faith, and the suit involved the settlement of accounts and the disposition of property in which they were all interested, the costs were directed to be paid out of the fund in court.

APPEAL from Union County. Affirmed.

*R. Eakin,* and *L. B. Cox,* for Appellants.

*Baker, Shelton & Baker,* and *Ramsey & Bingham,* for Respondent.

STRAHAN, J.—The object of this suit is for an accounting between the parties as partners, and for the dissolution of said alleged partnership and the settlement of its affairs. The plaintiff alleges in substance that in April, 1884, he was the owner of a stallion called "Iron Duke," of the value of $1,200, and at said time sold one fourth thereof to each of the defendants, and that they then entered into an agreement to keep said horse as partners, sharing the profits and losses according to the respective interests in the property. The complaint shows that the busi-

ness of the firm extended during the seasons of 1884 and 1885, and that large profits accrued to said firm in the course of said business. Each of the defendants answered separately, denying the existence of any partnership, and alleging that each of them purchased a one-fourth interest in "Iron Duke" for their own use, and thereby became joint owners with the plaintiff; but that "Iron Duke" might extend his jurisdiction beyond the pastures of his owners, and that in each instance of that kind a charge of $25 should be made. That in April, 1886, the plaintiff, unlawfully and wrongfully, and without appellant's consent, took "Iron Duke" away from Goodnough's ranch and removed him from the State, and kept him away during the season of 1886, to the damage of Goodnough in the sum of $250 and of Halley in the sum of $500. The new matter in the answers was denied by the replies. The cause was then referred to T. H. Crawford, Esq to take the evidence and report the same to the court with hi indings of facts and law, which report was in all things app__oved and confirmed by the court, and a decree entered thereon in favor of the plaintiff and against Goodnough for $332.70 and against Halley for $374.95, from which decree both defendants have appealed.

The evidence submitted leaves the question in some doubt whether these parties were partners in the business described in the complaint, or were simply tenants in common in "Iron Duke"; but I do not deem this circumstance material. They are bound to account with each other, whether they were partners, joint tenants, or tenants in common. (1 Story's Equity Jurisdiction, § 466; *Dyckman* v. *Valiente*, 42 N. Y. 549; *Earley* v. *Friend*, 16 Gratt. 21; *Wright* v. *Wright*, 13 Allen, 207; *Goodenow* v. *Ewer*, 16 Cal. 461; *Darden* v. *Cooper*, 7 Jones, 201.) This view of the law disposes of the principal contention of the appellants in this court. My first impression was to exclude from the account the plaintiff's charges for expenses incurred in taking "Iron Duke" to Montana and return; but a careful re-examination of the evidence satisfies me that the defendants assented to it, and if they did they ought to bear their proportion of the necessary expenditure.

The decree will therefore be affirmed; but inasmuch as the parties all seem to have acted in good faith in this case, and the suit involves the settlement of accounts and the disposition of property in which they are all interested, we have concluded to direct that neither party shall recover costs against the other, but that the costs and disbursements of the suit shall be paid out of the fund in court before the same is divided.