[Filed July 2, 1888.]

CHARLES A. COGSWELL, Respondent, *v.* HENRY C. WILSON, Appellant.

Equity — Purchaser of Interest of Partner in Copartnership Property may Maintain Suit to have Same Declared. — The purchaser of partnership property at a sale upon an execution against an individual member of a copartnership firm is entitled to maintain a suit in equity, against the other member or members of such firm, to have the extent of his interest in the property purchased ascertained and declared, and to recover such interest, either by having a due part of the property set over to him, or a due proportion of the proceeds of the sale of it, paid over to him, or he may recover a personal decree in the suit in a proper case for the value of such interest.

Attachment — Writ of — What Leviable upon. — A writ of attachment or execution against an individual member of a copartnership can only be levied upon his interest in the partnership property in the same manner as levies are made upon individual property by virtue of such writs.

Id. — Effect of Levy Considered and Determined. — Where a sheriff, under a writ of attachment against an individual member of a copartnership firm, made return to the writ that he had executed it by attaching all the right, title, and interest which the defendant had in and to the co-partnership property of the firm; that he also took into his possession certain described personal property of such copartnership, consisting of two thousand six hundred head of sheep, more or less, and certain other animals, and that he served a copy of the writ upon the defendant, upon which copy was inclosed a notice that he had attached all the right, title, and interest of such defendant in and to the copartnership property, and transmitted another copy of the writ, with a like indorsement to the other member of the firm: *held,* that such service and levy were only effectual as to the sheep and other animals which the sheriff seized and took into his possession; that it did not bind any other of the copartnership prop-

erty ·o as to authorize a sale of it upon execution issued upon a judgment which directed that the property theretofore attached in the action be sold, as by law provided, to satisfy the plaintiff's demand therein.

APPEAL from a decree of the Circuit Court for the county of Lake.

*N. B. Knight,* for Respondent.

*F. W. Ewing* and *G. G. Bingham,* for Appellant.

THAYER, J. — The appellant and one D. R. Jones, on the rineteenth day of June, 1875, entered into written articles of copartnership. By the terms of the articles, they were to engage in the sheep-raising business, to be carried on at Warner Lake, Grant County, Oregon. The appellant was to furnish two thousand sheep (or more, as might be agreed upon) for the use of the copartnership, at the rate of three dollars and fifty cents per head. Jones, after fifteen hundred dollars was taken from the half-value, was to give his note to appellant for the remainder of one half the sheep at the same valuation; said note was to draw interest at the rate of one per cent per month until paid; appellant was to make such payment on lands that said copartnership might purchase from the state of Oregon as university lands, or from the Oregon Central Military Road Company (if such lands were purchased), which purchase might be at the discretion of both parties; the appellant was to make such payment on said lands as might be required for the year 1875, which would be the first payment, and Jones was to make the second payment, appellant the third payment, and Jones the fourth payment. Each party was to pay one half of the purchase price, and all the expenses that might be incurred in the purchase and care of the sheep, and the sheep and their increase was to be under the care and control of the appellant. Both parties were to put up such quantities of hay each season for

the sheep as the appellant might think proper, to be done at their equal expense.

The parties, after executing said articles, it appears, engaged in said business. The appellant, on the tenth day of September, 1875, in pursuance of the partnership articles, furnished to the partnership 2,084 sheep and 42 bucks; and several tracts of land were purchased, claimed to be partnership property, the title to which was taken in the name of the appellant.

It further appears that the parties, at Warner Valley, September 16, 1876, signed the following writing: —

"It is this day agreed by and between H. C. Wilson of the first part, and D. R. Jones of the second part, that as soon as the hay-land is purchased of the road company, then the said H. C. Wilson is to deduct the sum of fifteen hundred dollars from the amount D. R. Jones is indebted to him, for the improvements on the ranch."

And that, at the same time and place, the said Jones executed to appellant, said H. C. Wilson, his promissory note and writing, of which the following is a copy:—
"$2624.30.

"One day after date, I promise and bind myself or heirs to pay to H. C. Wilson, or order, the just and full sum of $2624.30, in gold coin, with interest at the rate of one per cent, in like gold coin, for one-half interest in 2,926 head of sheep. The consideration of the above obligation is such that when the said D. R. Jones or his heirs pay to H. C. Wilson the above sum, with interest, then the said Wilson is to deliver to the said D. R. Jones one half of the above band of sheep and their increase."

On the back of this writing are the following indorsements:—

"Indorsed October 4, 1879. Paid on the within note fourteen hundred and eighty-nine dollars and sixty-one cents ($1489.61), October 21, 1880. Received on the within, $1,279."

XVII. Or.—3

It further appears that said parties continued in their said business until the twenty-sixth day of April, 1881, at which time A. and C. U. Snider caused an attachment to issue out of the circuit court for said county of Lake, in an action in their favor and against the said D. R. Jones, then pending in said court, to be levied upon the interest of said Jones in said sheep.

The sheriff's return upon the writ of attachment is as follows:—

"STATE OF OREGON,    }
      COUNTY OF LAKE. }

"I hereby certify that I received the annexed writ of attachment on the twenty-fifth day of April, 1881, and executed the same by attaching all the right, title, and interest that the defendant, D. R. Jones, had in and to the copartnership property of Henry C. Wilson and D. R. Jones, doing business under the firm name of Wilson & Jones.

"I also took into my possession the following described personal property of said copartnership, to wit: two thousand head of sheep, more or less, one black mare mule, one bay horse mule. I also served a copy of this writ upon the defendant, D. R. Jones.

"Upon said copy there was indorsed by me a notice that I had attached all his right, title, and interest in and to said copartnership property.

"I also deposited in the post-office at Lakeview, postage prepaid, a copy of said writ of attachment, directed to Henry C. Wilson, at Red Bluff, California, his post-office address; said copy of writ containing a notice that I had attached all the interest of defendant, D. R. Jones, in said copartnership property.

"Dated Lakeview, April 28, 1881.

    (Signed)            "J. L. HANKS,
             "Sheriff of Lake County, Oregon."

Subsequently, and on the seventh day of June, 1881, judgment was entered in said action in favor of the Sniders, and against said Jones, for the aggregate sum of $1,408.35, recovery, and $20.80, costs and disbursements. The said judgment entry contained the following clause: " And it is further ordered and adjudged that the said plaintiffs do have execution against the property of the said defendant, and that the property heretofore attached in this action be sold as by law provided, to satisfy the said plaintiff's demands herein."

It further appears that execution was issued upon the said judgment, and that the right, title, and interest of the said Jones in the said sheep were, on the seventeenth day of June, 1881, sold by virtue thereof, and bid in by the respondent; that the said sale purported to be all the right, title, and interest of the said Jones in the sheep-raising business in Lake and Grant counties, Oregon, which he had on or after the seventh day of May, 1881, and which he had in and to the copartnership property of said Wilson & Jones; that respondent's purchase of Jones's interest was on the seventeenth day of June, 1881; that the clip of wool from the sheep for that year was sold, and the proceeds of the sale applied to the payment of copartnership debts due to third persons, except a residue left after such payment, which was divided between the appellant and respondent; that on the fifteenth day of July, 1881, after the sale of the wool, and application of the proceeds as mentioned, the appellant, claiming to be the owner of the entire band of sheep, drove them away, and sold and appropriated them to his own use; that there were of the sheep at the time of the levy of the attachment and sale under the execution, as appears by the stipulation of the parties, 2,559 head of old sheep, and 1,632 head of lambs.

The respondent commenced this suit on the fifth day

of July, 1881, to have the partnership between the appellant and Jones dissolved; to have a receiver appointed to take charge of all the partnership property; to have an account taken of all the copartnership transactions, and to require the appellant to account therefor, and for all personal property belonging thereto that had come into his hands; to restrain the appellant from interfering with, disposing of any of the debts or effects of the partnership; to have the property of the partnership sold, and the proceeds, after the payment of partnership debts, divided between appellant and respondent; to have the real estate above referred to declared to be partnership property, and the appellant required to execute deeds to purchasers upon the sale thereof, and to have the affairs of the copartnership fully administered upon.

The case was first heard upon the proofs and allegations at the May term, 1883, of the said circuit court, and the respondent's complaint was dismissed, upon the grounds that no copartnership was shown to have existed between appellant and said Jones. An appeal was taken from that decision to this court, and was here reversed, this court being of the opinion that the proofs established the existence of such a copartnership. The case was thereupon remanded to the said circuit court for an accounting. A report of the case will be found in 11 Oregon, 371. The respondent evidently acquired by his purchase Jones's interest in the sheep, which entitled him to the right to have an accounting, in order to ascertain the extent of that interest, and have it declared, but it did not entitle him to have the partnership between the appellant and Jones dissolved, nor to any of the relief claimed in his complaint. He acquired no interest in the land claimed to belong to the partnership by his purchase at the execution sale. The land was not attached, levied upon by the execution, or sold, and he

could not have the affairs of the partnership administered in any event without Jones being a party to the suit. Counsel for the respondents claim that this court in the case referred to in 11 Oregon settled the question; that on the seventeenth day of June, 1881, the respondent succeeded to all the interest and title of said Jones in the copartnership property of Jones & Wilson by the purchase referred to. This is certainly a mistake.

This court did not undertake to determine the extent of the interest acquired by that purchase. We held that a partnership existed between Wilson and Jones, and that the respondent had acquired such an interest in the partnership property as would entitle him to have an accounting. There was no other question involved in the case, and one of those was only incidental.

The main question was, whether such partnership existed or not. The circuit court held that it did not. This court was of a contrary opinion, but would not have been justified in sending the case back unless satisfied that the appellant therein (this respondent) had such an interest in the partnership property as entitled him to demand an accounting. The extent of that interest was never considered, nor was it necessary, in determining the matter before the court, to consider it.

It was sufficient for the purposes of that decision that the then appellant had such an interest in the partnership property as would give him a standing in court; and his having bid off the two thousand six hundred sheep, more or less, the black mare mule, and the bay horse mule, at the execution sale, or Jones's interest in them, entitled him to such standing. The levy under the attachment was attempted to be made upon tangible property; and it only bound such interest as Jones would have therein, after the partnership debts were all paid, and all claims settled between Wilson and Jones in relation to the part-

n⸱rship property.   Any property of the partnership not
so levied upon was unaffected by the proceedings.

The only question, therefore, before us at this time is,
the amount of the interest in the sheep and other animals
respondent herein acquired by bidding them off at the
sale referred to.   By the terms of the promissory note or
writing of September 16, 1876, the one half of the band
of 2,126 head of sheep and their increase was not to be
delivered to Jones until he or his heirs paid to Wilson
the $2,624.30, and interest thereon.   The amount due upon
that obligation from Jones to Wilson, at the time of the
levy of the attachment, including interest, after deducting
the said two payments, was, as I compute it, $1,126.   That
sum was a charge upon Jones's half-interest, in the sheep,
his absolute right to which depended upon its payment,
and the respondent acquired no greater right thereto.

The appellant having appropriated all of the sheep to
his own use, and disposed of the band so that a partition
thereof cannot be had, he should be required to pay to
the respondent, as Jones's successor in interest in the
sheep, one half of the value thereof, less said sum of
$1,126.   The amount of that value must be ascertained
from the evidence and circumstances of the case.   The
circuit court found that the sheep were worth three dol-
lars a head, and the lambs two dollars a head; but I think
that was too high an estimate.   The price of the sheep,
as fixed by the said writing of September 16, 1876,
amounted to less than two dollars and a half a head, and
a band of sheep of that number, after having been kept
so long as that had been, would certainly deteriorate in
price.   I think two dollars a head for the sheep, and a
dollar and a quarter a head for the lambs, including the
entire band, would be a large estimate.   The lambs must
have been very young at the time referred to, and I think
the estimate of their value a very liberal one.   At the

rate mentioned, the sheep would have been worth $5,118, and the lambs $2,040, amounting in all to $7,158. That evidently would have been a large price for the band, and I doubt very much whether that sum could have been realized for it. The respondent bid in Jones's interest at the sale for a sum much less than it would have amounted to upon that basis, and that ought to be some criterion of the value of the property. One half of the $7,158, less the $1,126, amounts to $2,453, and the interest thereon, at the rate of eight per cent per annum, to the time of the entry of the decree in this court, will increase it to $3,875, which is the amount, in my opinion, the respondent is entitled to recover.

This view contemplates the cancellation by Wilson of the promissory note or writing for $2,624.30, executed by Jones to him on the sixteenth day of September, 1876, and it is not intended to determine any question as to the rights of the partners, Wilson and Jones, in the lands referred to in the complaint which are claimed to be partnership property,—nor rights in any other property.

Respondent should also be entitled to recover his costs and disbursements herein, and the decree appealed from should be so modified as to conform to this opinion.

LORD, C. J., dissenting.— I concur in all the matters expressed in the opinion except as to the value of the sheep. These the majority of the court find to be of the value of two dollars a head for the old sheep, and one dollar and a quarter for the lambs. The court below found that the old sheep were worth three dollars, and the lambs two dollars, per head.

The evidence discloses, as found by the referee, that the defendant forcibly took possession of the band of sheep and lambs, and drove them to Tehama County, California; that he there continued to carry on the business of sheep-

raising for two years with these sheep and lambs. And the referee thinks and finds that the defendant realized a profit of thirty per cent per annum upon them, and that afterwards he drove a portion or all of them to Montana and sold them for prices ranging from three dollars and fifty cents to two dollars and twenty cents per head.

In thus driving this band of sheep and lambs without the jurisdiction, and converting them to his own use, the defendant stands in the attitude of a wrong-doer, and comes into court with no equities which entitle him to special consideration. On the contrary, equity imposes upon him the imperative duty to give a true account of his unwarrantable stewardship, and confirm its trans- action with accurate accounts and vouchers. This he has not done, and failing to furnish an account of profits and vouchers of sales, a court of equity will not screen his delinquency by indulging any favorable presumptions in his behalf.

By his wrongful act the plaintiff was deprived of all opportunity of supervision and control over the band of sheep, and the defendant became thereby his trustee, and bound to a strict liability to account for all profits and sales. What profits during this interim he realized, or sales he made, the price, and to whom sold, it is not pos- sible for the plaintiff to know, nor has the defendant kept or furnished any account, or produced any vouchers of such transactions. These are all matters wholly within the knowledge of the defendant; they are his acts or dealings with this property appropriated by him, and from which the law will not permit him to derive a bene- fit, to the injury or detriment of the plaintiff.

It cannot be disputed but what there is ample evidence in the record to support the finding of the court as to the value of these sheep and lambs; but even if the evidence was evenly balanced, every consideration of equity and

justice requires that the plaintiff should have the benefit of all presumptions and intendments as against this defendant. Nor is this all. His own testimony is to the effect that he mixed these sheep and lambs with other sheep of his own, and sold the band so mixed at three dollars and fifty cents, two dollars and seventy-five cents, and two dollars and twenty-five cents per head,—a majority of them at two dollars and fifty cents. Which of such sheep he received three dollars and fifty cents or two dollars and twenty-five cents, whether his own or those he had converted, he has kept no account, nor knows, and the court is left to wade through a sea of doubt and perplexity which his misconduct has occasioned, and compelled to resort to less reliable sources of evidence to ascertain the truth.

In such a case, it seems to me, in view of his testimony to cut down the finding of the court below to the extent done in the opinion, and below the legitimate inferences of his own evidence, is to invert the principles of equity, and give him the benefit of his own delinquency. The better principles would be, in view of his failure to keep accounts, to assume that he received the highest price for this band of sheep, or certainly, if a mean value is to be ascertained, that found by the court below furnishes a better and safer standard, as it is supported by the weight of evidence, and, I think, more consistent with the principles of right and justice upon the facts of this case.

On rehearing had in the above case the decree was changed and the opinion modified so as to allow the respondent three dollars per head for the old sheep and one dollar and fifty cents per head for the lambs, aggregating one half of $10,125. And also the court ascertained that the appellant should be allowed for one note due to him from Jones, and not considered in the first opinion, amounting, with interest, to $553.11, which, added to the $1,126, makes a total of $1,679.11 to be deducted from the half of $10,125, which leaves $3,383.39, the amount of the principal of the decree in favor of the respondent. The court allowed interest on this sum at eight per cent since June 17, 1881, which makes the total of the amount of the decree at the date thereof, to wit, *April 11, 1889,* computing $5,502.66. — REPORTER.