Decided 17 June; rehearing denied 16 August, 1901.

## GIUS v. COFFINBERRY.

[ 65 Pac. 358.]

EQUITY—SPECIFIC PERFORMANCE—INTEREST IN UNPATENTED DEVICE.

1. A court of equity has jurisdiction to compel the performance of a parol contract to convey an interest in letters patent, if and when issued, for a patentable device.

SUFFICIENCY OF EVIDENCE.

2. The evidence in this case is sufficient to support a finding that the parties were equally interested in patenting a patentable device, and that defendant agreed that plaintiff should have a half interest in the letters patent.

PRESUMPTION OF INTEREST IN JOINT VENTURE.

3. Where persons enter into a joint venture, it will be presumed that they are equally interested, and of course the burden of proof is on the party who alleges otherwise.

From Union : ROBERT EAKIN, Judge.

This is a suit for specific performance of an alleged oral agreement between Frank Gius and C. C. Coffinberry whereby an invention for attaching and detaching a plowshare to and from the moldboard of a plow, with all letters patent therefor, should be their joint property. The complaint alleges, in substance, that on or about the first of March, 1900, defendant requested the plaintiff to assist him in developing his invention, making the necessary models, and obtaining a patent therefor, agreeing with him that such patent should be obtained and held in their joint names, share and share alike ; that plaintiff accepted such proposition, and assisted the defendant in making and perfecting the necessary models ; that they applied jointly, through the defendant, for a patent upon such invention, each agreeing to pay one half the fees and commissions therefor ; that thereafter, on the twenty-fifth of March, the defendant, for the purpose of cheating and defrauding the plaintiff out of his interest in such patent right so applied for, wrongfully and unlaw-

fully represented to the firm of attorneys employed by them in Washington that plaintiff no longer had any interest in the invention or the application for a patent, and instructed them to make such application in the name of the defendant alone; that, acting under such instructions, the attorneys prepared a new application for such patent, omitting plaintiff's name therefrom; that, during the making and perfecting of such invention and models, defendant promised and agreed that plaintiff should own and hold an undivided half interest in such application, patent, and patent right, which is of great value, but that defendant refuses to assign or turn over to the plaintiff any interest whatever in the same, and is threatening to wrong, cheat, and defraud the plaintiff out of his right, title, and interest therein; that defendant is insolvent and unable to respond in damages. The answer denies the allegations of the complaint, and sets up affirmatively that defendant is the sole inventor of the device referred to, but, for the purpose of making a model to be used in the application for a patent, he availed himself of the plaintiff's offer to use his shop, forge, tools, and materials, and volunteered to give him a sufficient interest in the invention, as soon as letters patent should be issued by the government of the United States, to remunerate him therefor; that such invention, when protected by a patent, will be of great value, and that a $\frac{1}{5000}$ interest therein would be a reasonable compensation to the plaintiff for the use of his shop, tools, and materials; that he is ready, able, and willing to convey such interest to plaintiff, and tenders a conveyance thereof, together with his consent to a decree for the costs thus far incurred by plaintiff in the suit.  The new matter set up in the answer is denied by the reply. On the trial a decree was rendered, dismissing the complaint, from which this appeal is taken.    Reversed.

For appellant there was a brief and an oral argument by *Mr. Thos. H. Crawford.*

For respondent there was a brief over the names of *Smith & Heilner* and *C. E. Cochran,* with an oral argument by *Mr. William Smith* and *Mr. Cochran.*

Mr. Chief Justice Bean, after stating the facts, delivered the opinion of the court.

1. It is conceded that a court of equity has jurisdiction to enforce the specific performance of a parol contract for the conveyance of an interest in letters patent, when issued, for an invention or device patentable under the laws of the United States : *Searle* v. *Hill,* 73 Iowa, 367 (5 Am. St. Rep. 688, 35 N. W. 490); *Somerby* v. *Buntin,* 118 Mass. 279 (19 Am. Rep. 459); *Burr* v. *De La Vergne,* 102 N. Y. 415 (7 N. E. 366); *Fuller Mfg. Co.* v. *Bartlett,* 68 Wis. 73 (31 N. W. 747, 60 Am. Rep. 838).

2. And, as a matter of fact, there is but little conflict in the testimony. Some time prior to March 1, 1900, the defendant conceived the idea of an invention and device for easily and quickly attaching and detaching a plowshare and point to and from the moldboard of a plow, but had not put it into practical form. While working in the shop of the plaintiff, who is a blacksmith in Union, he explained this idea to him ; and the plaintiff, after thinking it over, concluded that it could be developed and the invention patented. Both parties thereupon set out to perfect the invention and obtain a patent. At plaintiff's suggestion, defendant made a wooden model, using the plaintiff's shop, tools, and materials, while he made an iron one. After the models were completed, defendant forwarded the wooden one to a firm of patent lawyers in Washington, to whom he

wrote in the name of himself and the plaintiff, asking
them to examine the records of the patent office to ascer-
tain whether the invention was new and patentable.   In
due time he received an answer from the attorneys,
saying the examination had been made, and that they
thought a patent could be obtained, and inclosing a circu-
lar, in which it is stated that an application for a patent
must be made in the name of the inventor alone.   The
defendant thereupon, without the plaintiff's knowledge,
advised the attorneys that plaintiff had no interest in the
invention, but that he himself was the sole inventor,
and directed the application for the patent to be made in
his name, which was accordingly done.   As soon as the
plaintiff learned of this, he objected to the change in the
application, and insisted on his right to share equally
with the defendant in the invention and patent.   The
defendant thereupon called upon one Cameron, and told
him that he had made a mistake in letting plaintiff in on
the matter, but now desired to settle the dispute as best
he could.   Cameron advised that it be settled by divid-
ing the territory to be covered by the patent; defendant
taking a part thereof, and plaintiff the remainder.   The
defendant assented to this, and authorized Cameron to
submit the proposition to the plaintiff and arrange for a
meeting between them, to which plaintiff agreed; and
in pursuance thereof he and defendant met at the office
of Mr. Lomax on March 28 for the purpose of thus
adjusting their differences.   At that time the plaintiff
paid to the defendant, and he received, one half the fees
and expenses advanced by him on the application for the
patent.   The parties were unable to agree, however,
concerning the division of the territory, although no
question seems to have been made as to their respective
interests.

The principal contention for the defendant is that the evidence is so indefinite and uncertain as to the contract between the parties—especially as to the interest the plaintiff was to have in the invention—that a court of equity can not decree an enforcement thereof.   The argument is that, before a court can decree the specific performance of a contract, the terms thereof must be distinctly shown, so as to leave none of the essential details in doubt or uncertainty.   And such is the general rule of law.   But here there is no question as to the contract.   The plaintiff testifies that they were to make and own the invention and patent "in partnership" or "as partners," while the defendant says that the plaintiff was to have an interest therein sufficient to recompense him for the use of his tools, but that there was no agreement that he should have a half or any other definite interest.   It is therefore admitted that plaintiff was to be jointly interested with defendant in the invention and the proposed letters patent, and the only question is as to the nature and extent of such interest.   Upon this point the agreement was, perhaps, indefinite.   But we think the testimony and attendant circumstances show that they were jointly interested in the patent.   The plaintiff says they were to own it as partners or in partnership, and immediately after the wooden model was made, and before it was sent to Wash-. ington, the defendant, in talking to the witness Cameron about the matter in the presence of one Reeves, said : "Mr. Gius is with me on it.   Mr. Gius is a partner on the plowshare."   And he made substantially the same statement to two or three other persons.   Again, after the controversy between them had arisen, the plaintiff paid to the defendant one half the amount advanced by him for fees and expenses in making the application ; and, so far as the record shows, it was not until after the

failure to agree upon a division of the territory covered by the patent that the defendant ascertained that plaintiff was not an equal owner with him.

3.   Where two or more persons enter into a joint venture of this kind, the *prima facie* inference of law is that they are equally interested, and entitled to an equal share therein ; and, where the contrary is alleged, the burden of proof is on him alleging it : *Robinson* v. *Anderson*, 7 De Gex, M & G. *239 ; *Webster* v. *Bray*, 7 Hare, 158. In view of this rule, we are of the opinion that, under the testimony, the plaintiff is entitled to an undivided half interest in the invention referred to in the record, and in the letters patent issued or to be issued therefor, and that the decree of the court below should be reversed, and one entered here in accordance with this opinion.

REVERSED.

Decided 8 July, 1901.