Argued June 24, decided July 8, 1913.

## EILERS MUSIC HOUSE *v.* REINE.*

### (133 Pac. 788.)

**Partnership—Evidence.**

1. .Evidence in a suit in equity for an accounting held to show the existence of a partnership in a mercantile business.

**Partnership—Nature of Relation—"Partnership."**

2. A "partnership" is an agreement between two or more persons to unite their labor, skill, money and property, or either, in a lawful business for their mutual benefit.

> [As to what constitutes a partnership, see note in 115 Am. St. Rep. 400.]

**Partnership—Liability of Partners.**

3. In the absence of a contrary agreement, partners are entitled to share equally in profits and losses.

**Partnership—"Partner's Interest."**

4. A partner's interest in the firm business consists in the net balance remaining to him after the partnership debts are paid and the equities between the partners have been adjusted.

**Partnership—Dissolution—Sale of Partner's Interest.**

5. A partnership was dissolved by the sale of the interest of one of the partners, the purchaser becoming a tenant in common with the remaining partner.

---

*On the question of the effect of an agreement to share profits to create a partnership, see note in 18 L. R. A. (N. S.) 963.—REPORTER.

**Partnership—Accounting.**

6. The purchaser of a partner's interest in the firm business as a tenant in common with the remaining partner is entitled to have an account taken of the firm business and property and to have the business closed and his interest therein set apart.

From Linn: WILLIAM GALLOWAY, Judge.

Statement by MR. JUSTICE RAMSEY.

This is a suit by the Eilers Music House, a corporation, against M. Reine for an accounting. On July 19, 1911, the appellant commenced action in the Circuit Court of Marion County against one U. S. Rider, to recover from him the sum of $710, and interest, on a promissory note. Two days later, a writ of attachment was issued to the sheriff of Linn County, and, by virtue thereof, said sheriff levied upon a stock of goods at Brownsville, Linn County, Oregon, supposed to belong to U. S. Rider and M. Reine, the defendant in this suit, as partners. Thereafter Eilers Music House obtained a judgment on said note in said action and an order for the sale of attached property. A writ of execution upon said judgment and order of sale was issued out of said Circuit Court and placed in the hands of the sheriff of Linn County, and, by virtue of said writ, he sold all of the interest of U. S. Rider in said stock of goods to the appellant.

The defendant and respondent refused to recognize the appellant as having any interest in said stock of goods, and refused to account to the appellant for any part thereof, and denied that the appellant had any interest therein.

This suit was tried by the court below, and that court rendered a decree holding that U. S. Rider had no interest in said stock of goods, and that Reine and Rider were not partners in said stock of goods, and dismissed the appellant's complaint, and awarded costs against appellant. The plaintiff appealed and

assigned as error the dismissing of plaintiff's complaint and the refusing of the court below to require the defendant to account, and holding that the appellant was not the owner of any interest in said stock of goods, etc.                          REVERSED.

For appellant there was a brief, with oral arguments by *Messrs. Smith & Shields* and *Mr. Amor A. Tussing.*

For respondent there was a brief, with oral arguments by *Messrs. Weatherford & Weatherford* and *Mr. Glenn E. Unruh.*

MR. JUSTICE RAMSEY delivered the opinion of the court.

1. This is a suit in equity for an accounting, and the question for decision is whether the respondent, M. Reine and U. S. Rider were partners, and, as such partners, owned the stock of goods at Brownsville, Linn County, in the latter part of July, 1911, when the supposed interest of said U. S. Rider therein was attached. The appellant obtained a judgment against said U. S. Rider in the Circuit Court of Marion County for $170, and interest and costs.

After the action to recover said judgment was commenced, a writ of attachment was issued and levied on the supposed interest of said Rider in said stock of goods. After the judgment and an order to sell all attached property were entered, a writ of execution was issued out of said court, and, by virtue thereof, the rights and interests of said Rider in said stock of goods were sold to the appellant by the sheriff of Linn County. After the sale, the respondent refused to recognize any rights or equities of the appellant in said stock of goods, and refused to account to the appellant, and denied that said U. S. Rider was a

partner of his or had any rights or interest in said stock of goods. The questions involved are principally matters of fact.

We have read and examined the evidence taken in this case. The appellant M. Reine and U. S. Rider were witnesses, and swore they were not partners, and that Rider had no interest in the business, and that he had never paid anything into the business.

It is admitted that Rider lived at Salem and was an employee in the postoffice there. Reine lived at Brownsville and carried on the business. Rider's wife was a clerk in the store at Brownsville a portion of the time, and her evidence tends to support the evidence of Reine and Rider. The evidence shows that the store was opened in December, 1910, and that it was attached in the latter part of July, 1911. If the evidence of Reine and Rider is to be taken as true there was no partnership, and Rider had no interest in the stock of goods or in the business. It is admitted by Reine and Rider that they are friends and that there were negotiations between them concerning the forming of a partnership, but they deny that any was formed.

The material testimony for the defendant and respondent was the evidence of the defendant and Rider and Mrs. Rider. There were some other witnesses in his behalf, but their evidence was not important.

The evidence for the plaintiff, as to the existence of the partnership, consists largely of admissions and statements and acts of the defendant and Rider, tending to prove the existence of a partnership. The defendant admitted, in his evidence, that the store business at Brownsville was conducted from some time in December, 1910, until the store was attached in July, 1911, in the name of Reine & Rider; that during this time the name was painted on the window of the store as Reine & Rider; that the books were kept in

the name of the firm; that their letter-heads were un-
der the firm name, with the name of U. S. Rider
printed at the upper right-hand corner and the name
of the defendant, M. Reine, printed at the upper left-
hand corner of the letter-heads; that they used pads
in making sales and that the firm name was stamped
on these pads with a rubber stamp; that this rubber
stamp, containing the firm name, was obtained at
Salem by Rider and sent to the defendant for use;
that the business of the store was advertised in a
Brownsville paper in the name of the firm; that they
made deposits of money in a local bank in the firm
name; that checks to pay for goods were signed in the
firm name; that Reine was ill in May, 1911, and sent
for Rider, and in his presence made a will, and that
this will was dated May 21, 1911, and contains clauses,
of which the following is a copy, to wit:

"In the event of my death, I hereby appoint my
partner and friend U. S. Rider executor not only of
the estate of the partnership of Reine & Rider, of
Brownsville, Oregon, but I do hereby appoint him
also executor of my general estate. * *

"In the event of my death, I desire my executor to
pay as early as practicable any indebtedness owing
by said partnership of Reine & Rider. And I hereby
give and bequeath unto my friend U. S. Rider all my
interest in said partnership remaining after payment
of any such indebtedness."

Mr. Tussing, a lawyer who wrote the will for Mr.
Reine, at the same time wrote also a memorandum of
contract which was signed by both Reine and Rider,
showing Mr. Rider's interest in the store, and this
contract, according to the evidence of Mr. Tussing,
purported to show a partnership between Reine and
Rider in the grocery store. It was written to show
Mr. Rider's interest in the store and thereby to pre-
vent Reine's relatives making trouble for Rider re-

garding the store, in case Reine should die, he being then ill and expecting to die. A copy of this contract was offered in evidence, but it was objected to, and, as its admissibility is doubtful, we will not consider it, but will consider the evidence of this witness that was not objected to.

The respondent admits that he had printed on a curtain in the picture-show at Brownsville an advertisement of the store in the firm name. Reine leased a room for the store, and this lease was made to the firm, and he told the lessor that Rider was his partner; and, when Reine was assessed, he had the store assessed to Reine & Rider and swore to the property statement before the assessor.

We have referred to enough of the evidence to show the relation between Reine and Rider as to this stock of goods and the business carried on by Rider. The business was carried on *as a partnership* in every respect. The partners by their words and actions declared it to be a partnership, and we believe and find that it was a partnership at all times from the date of the opening of the store in December, 1910, until the partnership was dissolved by the sale of the interest of U. S. Rider in the stock and business to the plaintiff and appellant upon the writ of execution issued out of the Circuit Court of Marion County. Said sale was made on November 28, 1911. We find that said sale was valid and conveyed to the appellant all the rights and equities which said U. S. Rider had in said stock of goods and business at the time the same was levied upon by the attachment, and that the appellant still owns said interest and equities.

2. A partnership is an agreement entered into between two or more persons to unite their labor, skill, money and property, or either or all of them, in a lawful business for mutual account: *Willis* v. *Crawford,* 38 Or. 525 (63 Pac. 985, 64 Pac. 866, 63 L. R. A. 904);

Story Partnership (5 ed.), § 2; 30 Cyc. 352, 353. The latter authority, on page 353, says:

"Our law has always treated the partnership relation as founded in voluntary contract. It does not surprise parties into a partnership against their will, although it does not require an express agreement between them, nor is it bound by their statements of intention in associating themselves together for business transactions. It will regard their conduct rather than their language in determining whether their voluntary associating in a business enterprise amounts to a partnership or not."

In this case, these parties kept their business accounts as a partnership, placed the firm sign on their front window and kept it there, opened and carried on an account with the bank as a firm, bought and paid for their goods as a firm, advertised their business in the local paper as a partnership, had their firm name on their letter-heads, had a rubber stamp containing the firm name and stamped it on statements of sales, gave the assessor a sworn statement of the property in the store as firm property; they had the firm advertisement painted on a curtain for exhibition at the picture-show, and the respondent made his will in the presence of Rider, and, in this will, called Rider his partner and the store partnership property, and bequeathed his interest in the store to Rider as partnership property, etc. So far as the evidence shows, they did not deny the partnership until Rider's interest in the store was attached. When persons by their words and acts thus proclaim themselves to the world as partners, they should be held to be partners. We believe that it is conclusively shown that they were partners and we so find.

Subsection 29 of Section 799, L. O. L., declares it to be a presumption of law, "that persons *acting* as

coparters have entered into a contract of copartnership.''

3. In the absence of any agreement to the contrary, the partners are to share equally in the profits and losses of the partnership business: *Griggs* v. *Clark,* 23 Cal. 427; Story, Partnership (5 ed.), § 24; 1 Lindley, Partnership (2 Am. ed.), pp. 348, 349; *Roach* v. *Perry,* 16 Ill. 37; *Hutchinson* v. *Dubois,* 45 Mich. 143 (7 N. W. 714); *Guis* v. *Coffinberry,* 39 Or. 414 (65 Pac. 358); 22 Am. & Eng. Ency. of Law (2 ed.), p. 101.

4. The interest which each member of a firm has in the partnership stock and business consists in the net balance remaining to him after all the partnership debts have been paid and the equities between each partner and his copartners have been adjusted: 22 Am. & Eng. Ency. of Law (2 ed.), p. 98; *Bank* v. *Carrollton R. R.,* 11 Wall. 624 (20 L. Ed. 82); *Trowbridge* v. *Cross,* 117 Ill. 109 (7 N. E. 347); *Sindelare* v. *Walker,* 137 Ill. 43 (27 N. E. 59, 31 Am. St. Rep. 353).

5. By the sale of the interest of U. S. Rider in the partnership property to the appellant the partnership was dissolved, and the appellant became a tenant in common with the respondent: *Marx* v. *Goodnough,* 16 Or. 31 (16 Pac. 918).

6. The appellant, as a tenant in common with the respondent, is entitled to have an account taken of the property and business of the late partnership of Reine & Rider, and to have the business closed up and to obtain his proper part thereof: *Cogswell* y. *Wilson,* 17 Or. 31 (21 Pac. 388); *Shirley* v. *Goodnough,* 15 Or. 642 (16 Pac. 871).

The court below erred in finding that there was no partnership between Reine and Rider and in dismissing the appellant's complaint, etc.

. The decree of the court below is reversed, and this cause is remanded to the court below with directions

to enter a decree reversing the former decree herein, and thereafter to proceed in accordance with this opinion to take an account of the late partnership business of Reine & Rider, and to adjust and settle the business between the appellant and respondent growing out of said partnership business and property.

Reversed.

Mr. Chief Justice McBride, Mr. Justice Moore and Mr. Justice Burnett concur.