Argued December 3, reversed and decree rendered December 21, 1915.
Rehearing denied January 18, 1916.

# CAMPBELL'S GAS BURNER CO *v.* HAMMER.*

### (153 Pac. 475.)

**Judgment—When Conclusive Only as to Matters Actually Litigated—Res Judicata.**

1. The rule of *res judicata* allows to each party a day in court, and requires that all matters of a judicial controversy shall be determined in the same suit or action, if they can be legally joined, and an opportunity is offered to plead them, and it follows that a final judgment or decree bars all subsequent proceedings upon the same cause of suit or action and of every other matter that might have been decided, relating either to the cause of action or matter of defense, but if founded upon a different cause of action or ground of defense, the prior judgment or decree is an estoppel only as to the matters actually litigated.

**Joint Adventures—Fiduciary Relation Equivalent to a Partnership Created.**

2. Where sole agents were authorized by a gas company to dispose of its corporate stock by their united efforts, such disposal of the capital stock created a fiduciary relation tantamount to a partnership, and in the absence of a showing it will be presumed that the parties thus engaged shared equally the profits and losses pertaining to the business.

**Equity—Jurisdiction Over Trusts.**

3. Courts of equity have jurisdiction over all trusts for the purpose of compelling an accounting and settlement, and the existence of any confidential or fiduciary relation is sufficient to invoke such jurisdiction whenever the duty rests upon one party to render an account to the other, and in the absence of statute, equity has exclusive jurisdiction for the dissolution and settlement of partnerships.

**Equity—Remedy at Law must be Full, Adequate and Efficient to Defeat Suit.**

4. In order to defeat the jurisdiction of a court of equity, the remedy at law must be as full, adequate, complete and as efficient as the equity court.

**Judgments—Matters Concluded.**

5. From the agreed statement of facts filed in this suit it appears that the corporation appointed four persons as sole agents to sell and

---

*On dismissal of suit to defeat attorney's lien or claim to compensation, see note in 5 L. R. A. (N. S.) 390.

On power of court to protect attorney who has taken case on contingent fee against voluntary dismissal by client without his consent, see note in 14 L. R. A. (N. S.) 1095.

The rights and remedies of attorney whose client compromises causes of action without his consent before action brought are discussed in note in 45 L. R. A. (N. S.) 750.                    REPORTER.

dispose of the corporate stock, who were to receive as their commissions all sums obtained for said stock in excess of $7 a share. After the agents had sold the stock and the corporation became liable for the commissions, three of them disposed of their claims and assigned same to other parties, while the other was adjudicated a bankrupt. The assignees of the claims for commissions entered into a contract with an attorney agreeing to allow him 30 per cent of the amount recovered. Prior to the hearing and trial of the suit of the attorney against the corporation, two of the claimants compromised and executed releases to the corporation for the amount of their claims. *Held* that after the compromise and settlement was made by the corporation with the two agents, the defendant in the law action was not obliged to allege in its answer the fact of such assignments, and its failure so to do will not bar a subsequent suit to enjoin an execution in the interest of one claiming a percentage of the judgment on the causes of action assigned.

**Attorney and Client—Right of Client to Compromise Prior to Judgment.**

6. An attorney has no lien for his services prior to the entry of judgment or decree, and in the absence of fraud, a compromise made by the client before judgment or decree without the attorney's consent will be upheld. (Citing *Stearns* v. *Wollenberg*, 51 Or. 88, 92 [92 Pac. 1079, 1080, 14 L. R. A. (N. S.) 1095].)

[As to compromise, settlement and discharge by attorney, see note in 132 Am. St. Rep. 163.]

From Multnomah: ROBERT G. MORROW, Judge.

In Banc. Statement by MR. CHIEF JUSTICE MOORE.

This is a suit by Campbell's Automatic Safety Gas Burner Company, a corporation, against Bertha E. Hammer, Harry G. Mourer, Jesse C. Luker, A. A. Cunningham, as trustee of Henry G. Sonnemann et al., bankrupts, John B. Coffey, County Clerk, T. M. Hurlburt, Sheriff, and Robert J. Upton, to enjoin the issuing of an execution, to restrain a levy thereunder, and to compel the cancellation of a judgment. The cause, being at issue, was tried upon a stipulation of facts to the effect: That on October 26, 1909, a written contract was signed by the plaintiff, a corporation, which for brevity will be called the gas company, and Henry G. Sonnemann, George C. Mourer, George R. Baker and George W. Morgan, whereby the gas company stipulated to issue, sell, and deliver to them

6,000 shares of its capital stock for $42,000. That this contract was subsequently modified by an oral agreement, by the terms of which the persons named were appointed sole agents of the gas company to sell its stock, and were to receive as their commissions all sums obtained therefor in excess of $7 a share. That Baker and Morgan with the consent of all the parties, transferred their respective interests in the contract to L. C. Hammer and H. G. Luker. That the two latter, Sonnemann and Mourer, sold 6,033 shares of stock at $10 a share, and turned over $60,330 in money and promissory notes, which instruments were received as cash by the gas company, which agreed to pay the commission at the maturity of the notes, but not conditioned upon their payment. That Hammer, Mourer and Luker each assigned his individual interest in the commissions so earned to the defendants Bertha E. Hammer, Harry G. Mourer and Jesse C. Luker, respectively, of which transfers the gas company was notified. That by consideration of the District Court of the United States for the District of Oregon, H. G. Sonnemann and others were adjudicated bankrupts, and the defendant A. A. Cunningham was elected trustee of their estates, and duly qualified for the trust. That the gas company paid all the commissions so earned, except $6,873.43, to collect which the persons entitled thereto entered into a contract with the defendant Robert J. Upton, an attorney, stipulating to pay him 30 per cent of all sums of money that he might recover on account thereof. That he commenced an action in February, 1912, in the Circuit Court of the State of Oregon for Multnomah County, on behalf of Bertha E. Hammer and others against the gas company, to recover the remainder of the commissions. That before an answer

was filed in that action Harry G. Mourer, one of the plaintiffs therein, in consideration of $500, settled with the gas company, representing to it that his attorney was a Mr. Blatchley, who was in Southern Oregon and did not expect to return, upon which statement the gas company relied, overlooking the fact that Mr. Upton was the attorney of record of all the adverse parties. That this latter attorney thereupon notified the gas company that he represented all the plaintiffs in that action, and that settlements with such clients should be made with him. That upon receiving such notice the gas company wrote Jesse C. Luker, with whom it had been negotiating, informing him of the notice so given, and received from him a letter, stating that Mr. Upton was not his attorney, but he believed his father, H. G. Luker, had employed Mr. Upton in the transaction of some business not connected with or relating to the commissions. That relying upon the statements contained in the letter, the gas company settled with Jesse C. Luker for the sum of $250. That neither Harry G. Mourer nor Jesse C. Luker has any property that is subject to execution. That after these settlements were made the gas company filed its answer in the action against it, but made no mention of the compromises which had been made with Mourer and Luker. That the action referred to was tried, and judgment rendered for the remainder of the commissions, or $6,873.43, against the gas company, which appealed therefrom, whereupon the judgment was modified as to the date from which the interest was to be computed, but in all other respects affirmed: *Hammer* v. *Campbell's Gas Burner Co.*, 74 Or. 126 (144 Pac. 396). That the mandate having been entered in the lower court, the gas company paid to the clerk of that court, for Bertha E. Hammer

and A. A. Cunningham, trustee, one half of the judgment and interest, and all the costs and disbursements, and thereupon requested Mr. Upton, who had received the money for his clients, to cancel the judgment, but he refused to comply therewith. That if the court should find Mr. Upton entitled to recover from the gas company the entire amount of his attorney's fee due from Harry G. Mourer and Jesse C. Luker, he should be awarded 30 per cent of one half of the judgment referred to; if, however, he should be found to be entitled to recover on Luker's account only, he should receive 30 per cent of five sixths of that part of the judgment; and if on Mourer's account only, he should be given 30 per cent of one sixth of that portion thereof.

Predicated upon this agreed statement of facts, the defendants' counsel moved to dismiss the suit on the grounds: (1) That there is no equity in the bill; (2) that the complaint does not state facts sufficient to constitute a cause of suit; (3) that no existence of a partnership or joint venture on the part of the defendants is alleged; (4) that no unsettled accounts are averred to subsist; (5) that no reason for an accounting is stated; and (6) that the prayer of the complaint does not seek any settlement of accounts. This motion was sustained, the suit dismissed and the plaintiff appeals.    REVERSED. DECREE RENDERED.

For appellant there was a brief over the name of *Messrs. Jenkins & Crawford,* with an oral argument by *Mr. John C. Jenkins.*

For respondents there was a brief submitted over the names of *Mr. Robert J. Upton, Mr. Lisle A. Smith* and *Mr. James N. Davis,* with an oral argument by *Mr. Upton.*

Opinion by MR. CHIEF JUSTICE MOORE.

1. The important question to be considered is whether or not the failure of the gas company to allege in its answer, in the law action to recover commissions, the settlements made with Harry G. Mourer and Jesse C. Luker, which compromises were consummated before that plea was interposed, precludes the gas company from maintaining this suit. The rule of *res judicata,* which was designed to promote the peace of society, allows to each party a day in court, and demands that in the trial of issues between the same parties all matters of judicial controversy shall be settled and determined in the same suit or action, if such causes can legally be joined and an opportunity is afforded to plead them. As a corollary deducible from this legal principle, it follows that if a final judgment is rendered, or a decree given on the merits, it is conclusive as to the rights of the parties and bars all subsequent legal proceedings between them upon the same cause of action or suit, not only as to the issues actually adjudicated, but also as to every other matter that might have been put forth and decided as relating thereto or necessarily associated therewith, either as a cause of action or a ground of defense. When, however, the cause of suit or action or the ground of defense therein is founded upon a different claim or demand, the former judgment or decree constitutes an estoppel only as against matters actually litigated: *Barrett* v. *Failing,* 8 Or. 152; *Applegate* v. *Dowell,* 15 Or. 513, 516 (16 Pac. 651); *La Follett* v. *Mitchell,* 42 Or. 465 (69 Pac. 916, 95 Am. St. Rep. 780); *Neil* v. *Tolman,* 12 Or. 269 (7 Pac. 103); *Morrill* v. *Morrill,* 20 Or. 96 (25 Pac. 362, 23 Am. St. Rep. 95, 11 L. R. A. 155); *Belle* v. *Brown,* 37 Or. 588 (61 Pac. 1024); *White*

v. *Ladd,* 41 Or. 324 (68 Pac. 739, 93 Am. St. Rep. 732) ; *Ruckman* v. *Union Ry. Co.,* 45 Or. 578 (78 Pac. 748, 69 L. R. A. 480) ; *Yuen Suey* v. *Fleshman,* 65 Or. 606 (133 Pac. 803, Ann. Cas. 1915A, 1072) ; *Colgan* v. *Farmers & Mechanics' Bank,* 69 Or. 357 (138 Pac. 1070).

2. The persons appointed sole agents by the gas company to sell its stock may not have formed a partnership, but their united efforts to effect such disposal of the principal fund of the corporation made each a participant in a joint venture which, as between them, created a fiduciary relation tantamount to a partnership. In the absence of any showing to the contrary, it must be presumed that each party engaged therein had an equal interest in the enterprise, was compelled to bear a ratable part of the burdens imposed and the losses sustained, and permitted to share an equitable part of the profits derived from pursuing the business: 22 Am. & Eng. Ency. Law (2 ed.), 101; 23 Cyc. 459; *Gius* v. *Coffinberry,* 39 Or. 414 (65 Pac. 358) ; *Eilers Music House* v. *Reine,* 65 Or. 598 (133 Pac. 788). All the commissions having been earned before any interests therein were assigned to Harry G. Mourer or Jesse C. Luker, the joint venture had thus terminated, and each succeeded to all the rights and became subject to all the burdens resting upon his assignor.

3. It is fairly to be inferred from the agreed statement of facts, hereinbefore referred to, that if no settlement or compromise had been made, Jesse C. Luker would have been entitled to five twelfths and Harry G. Mourer to one twelfth of the amount of the judgment rendered against the gas company. This stipulation of facts rebuts the presumption of an equal

interest of their assignors in the commissions so earned.

"Courts of equity," says an author, "have jurisdiction over all trusts for the purpose of compelling an accounting, and the existence of any confidential or fiduciary relation is sufficient to invoke such jurisdiction whenever the duty arising out of such relation rests upon one of the parties to render an account to the other": 1 C. J. 621.

Another text-writer, discussing this matter, observes:

"In the absence of statutory provisions on the subject, a court of equity has exclusive jurisdiction of actions for the dissolution and settlement of partnerships": 30 Cyc. 716

4. The remedy at law which will defeat the maintenance of a suit in equity must be as full, adequate, complete and efficient as is the means by which the violation of a right is prevented, redressed or compensated in the latter forum: *South Portland Land Co.* v. *Munger,* 36 Or. 457 (54 Pac. 815, 60 Pac. 5); *Benson* v. *Keller,* 37 Or. 120 (60 Pac. 918); *Wollenberg* v. *Rose,* 41 Or. 314 (68 Pac. 804); *Hall* v. *Dunn,* 52 Or. 475 (97 Pac. 811, 25 L. R. A. (N. S.) 193); *Dose* v. *Beatie,* 62 Or. 308 (123 Pac. 383, 125 Pac. 277).

5. The relation existing between the persons jointly engaged in selling the corporate stock being fiduciary and in the nature of a partnership, the dissolution of which, and the settlement of the accounts thereof, could be secured only in a court of equity, the gas company was not obliged to allege in its answer in the law action the fact of the assignments which it had secured. It is possible that after interposing an answer in that action the gas company, as plaintiff,

could have filed a cross-bill in equity and set forth such assignments, and thereby secured a stay in the prosecution of the action until the suit was finally determined: Section 390, L. O. L. It was not essential, however, that such a course of practice should have been pursued, for a party may safely rely upon a legal defense in an action without being precluded from asserting his equitable right in an original suit: *Hill* v. *Cooper*, 6 Or. 181; *Starr* v. *Stark*, 7 Or. 500; *Spaur* v. *McBee*, 19 Or. 76 (23 Pac. 818); *McMahan* v. *Whelan*, 44 Or. 402 (75 Pac. 715); *Fire Association* v. *Allesina*, 45 Or. 154 (77 Pac. 123); *Clark* v. *Hind man*, 46 Or. 67 (79 Pac. 56); *Bowsman* v. *Anderson*, 62 Or. 431 (123 Pac. 1092, 125 Pac. 270).

We consider, therefore, that the answer of the gas company in the action against it to recover commissions did not bar the maintenance of this suit. The stipulation of facts seems to concede that the only question involved in this suit is the right of the attorney to recover his stipulated compensation with respect to the claims so assigned, notwithstanding their transfer.

6. An attorney has no lien for his services before judgment or decree, and until such final determination of the cause has been made, the client may compromise the case without reference to any contract with the attorney: *Jackson* v. *Stearns*, 48 Or. 25 (84 Pac. 798, 5 L. R. A. (N. S.) 390). In *Stearns* v. *Wollenberg*, 51 Or. 88, 92 (92 Pac. 1079, 1080, 14 L. R. A. (N. S.) 1095), in discussing this subject, it is said:

"It would appear, therefore, that, where there is no lien upon the cause of action, either by contract or by statute, the plaintiff's attorney has no vested right which the court is bound to protect at the request of the attorney; but even then the court may, in its discretion, exercise such arbitrary power, and

doubtless will do so, when it can see that, through the exercise of the usual and ordinary powers vested in a court over its judgment as to the form and effect thereof, or as to its satisfaction, it may aid the attorney in the collection of his fees.''

The authority of a court thus to protect an attorney from an act of his client in assigning or compromising a cause of suit or action must necessarily depend upon the client's fraud, which, to become available as a ground of relief, must have been knowingly participated in by the adverse party who secured the transfer or settlement of the demand. An examination of the agreed statement of facts upon this subject, as hereinbefore detailed, fails to show any fraudulent acts or conduct which would warrant a court of equity in imposing upon the gas company any part of Mr. Upton's fees predicated upon the assignments so made. The decree will therefore be reversed, and one entered here granting the relief prayed for in the complaint.          REVERSED.   DECREE RENDERED.